State v. Henschel.

---

## THE STATE v. OTTO HENSCHEL, Appellant.

### Division Two, May 20, 1913.

INFORMATION: Burglary and Larceny: Incorporation of Owner Must be Alleged. An information charging burglary and larceny from a company must, to be valid, state whether the company is a corporation or a partnership.

Appeal from Montgomery Circuit Court.—*Hon. Bernard H. Dyer,* Special Judge.

REVERSED AND REMANDED.

*E. Rosenberger & Son, J. V. Nebel* and *James F. Ball* for appellant.

(1) Notwithstanding his plea of guilty, a defendant is entitled to his appeal or writ of error, and if no crime is charged in the information, then none is confessed by pleading guilty thereto. The only effect of such a plea is to admit the truth of whatever is sufficiently charged. State v. Levy, 119 Mo. 434; State v. Rosenblatt, 185 Mo. 114; State v. Kelley, 206 Mo. 685. (2) This conviction grows out of the filing of a verified information in two counts, jointly charging appellant and another with the crimes of burglary and larceny and receiving stolen property. A severance was granted; the other defendant, who is a man of mature age, went to trial before a jury and was triumphantly acquitted. The defendant, who is only a lad nineteen years of age, upon the advice of counsel entered a plea of guilty and the State dismissed as to the second count, which charged receiving stolen property, and appellant was sentenced under the count which charged burglary and larceny. If any mistake was committed on the part of the appellant in this case, the blame rests solely upon his counsel. When the appellant entered his plea of guilty he was advised by his counsel that the information charged no offense and that he was confessing to nothing by entering a plea of guilty thereto. When appellant's counsel advised appellant to enter his plea of guilty they had before them the following cases: State v. Jones, 168 Mo. 402; State v. Horned, 178 Mo. 59; State v. Jones, 194 Mo. 268; State v. Kelley, 206 Mo. 685; State v. Clark, 223 Mo. 48. The same doctrine is announced in the cases of State v. Boehler, 148 Mo. App. 614, and State v. Murphy, 147 S. W. 520. In view of the fact that the defendant entered his plea of guilty on the advice of his counsel, who had before them the cases above cited and relied thereon it would now be working an injus-

tice and a cruel hardship upon appellant to overrule the long line of authorities just quoted and compel him to serve a term of four years in the penitentiary without permitting a jury to pass on his guilt or innocence. Especially is this true when we take into consideration that his codefendant, who was prosecuted upon the same charge, went before a jury and was acquitted. The attorney--general concedes that the cases just above cited, and relied upon by us when we advised the defendant that by entering a plea of guilty he was confessing nothing, announce the doctrine "that it is necessary in an information, or indictment, to charge that the car broken into and entered, and the property stolen, was the property of a copartnership, an individual, or corporation." But the attorney-general suggests that on the authority of the old case of State v. Shields, 89 Mo. 259, the cases just cited and relied upon ought to be overruled. The case of State v. Shields has never been followed or referred to at any time by this court, while in all of the cases cited herein and relied upon by defendant when he entered his plea of guilty, this ruling of law has been firmly established in this State. In State v. Horned, 178 Mo. 59, the attorney-general conceded the information (one similar to this one) was bad. Had counsel for appellant not placed implicit reliance upon the previous rulings of this court on the question under consideration, and had we not believed that this court would follow its former rulings, certainly we would not have been so fool-hardy or foolish as to have permitted a lad to enter a plea of guilty, when the evidence against him was very meager, but we would have insisted upon a trial before a jury, feeling that the innocence of our client could be easily shown, and that he would have been fully vindicated. The appellant has never had his day in court. He has never faced a jury, and in view of the authorities cited and relied upon by appellant when he entered his plea of guilty, this court

ought not even consider setting aside a long line of established authorities and reaffirm the doctrine laid down in an obsolete case which has long since been forgotton by the bench and bar of Missouri, and which this court and our other appellate courts have refused to follow.

*Elliott W. Major,* Attorney-General, and *Charles G. Revelle,* Assistant Attorney-General, for the State.

In State v. Shields, 89 Mo. 259, Judge Norton said: "The specific objection made to the indictment is, that it neither alleges that the Missouri Pacific Railroad Company was a corporation, nor that, as such, it was capable of owning property. The precise question presented has not, so far as I am aware, been passed upon by this court, but the identical point was raised in the following cases, where it is held that it was not necessary to the sufficiency of an indictment that it should allege either that the owner of the property was a corporation, or that, as such, it was capable of owning property: People v. McCloskey, 5 Parker Cr. R. 57; Commonwealth v. Williams, 2 Cush. 582; State v. Scripture, 42 N. H. 485; State v. Rand, 33 N. H. 216; 1 Wharton's Prac. 378." To this we add: State v. Fisher, 40 N. J. L. 170; Hatfield v. State, 76 Ga. 500; 6 Cyc. 214; State v. Sims, 25 Nev. 444; People v. Henry, 77 Cal. 445; People v. Rogers, 81 Cal. 209; Burke v. State, 34 Ohio St. 79; Hamilton v. State, 34 Ohio St. 82; Fisher v. State, 40 N. J. L. 169; State v. Shields, 89 Mo. 259; 3 Ency. Pl. & Prac. 757, 761. We find no fault with the ruling that the name of the owner must be alleged, and the cases from other jurisdictions, as well as the decision of Judge Norton in the Shields case, supra, likewise hold that this is necessary, but after doing this, and describing the owner by lawful name, we insist that further particularization, or more minute description of the owner is

not required by good pleading. Would it not be just as reasonable to require, in charging the ownership to be in an individual, that it further describe him as a "person then and there living and being." Such matters are merely descriptive and are not essential, but really should be treated as surplusage. Besides, we have Sec. 5115, R. S. 1909, which provides that no indictment or information shall be deemed invalid, nor shall the trial judgment, or other proceedings thereon be set aside or in any manner affected because of any defect or imperfection which does not tend to the prejudice of the substantial rights of the defendant upon the merits. Some of the cases from other jurisdictions, and which we have heretofore cited, apply statutes of this character to this identical proposition, and hold that, under their provisions, an indictment is not invalid because of failure to allege that the owner of property is a corporation or partnership. This court has frequently applied these statutes to similar questions, but in the five cases relied upon by appellant, the court seems to have overlooked them. We respectfully submit that the failure to allege whether the Wabash Railroad Company was a corporation or a copartnership could in no manner tend to the prejudice of appellant's substantial rights. The principal reason for requiring the ownership of the property to be stated in an indictment for burglary is for the purpose of showing on the record that the house alleged to have been broken into was not the property of the accused, in as much as one cannot commit the offense of burglary by breaking into his own house. We respectfully submit that an additional particularization of the owner as a "corporation" or "copartnership" is not necessary in order to show on the record that this property was not the property of appellant. The proposition that this was the property of appellant is completely and fully negatived by the allegations that he "feloniously and burglariously forci-

bly did break and enter with the intent then and there and thereby feloniously and burglariously to steal, take and carry away, etc.,'' and that he did then and there feloniously and burglariously steal, take and carry away with the intent then and there to deprive the owner of the use thereof, and to convert the same to his own use.'' The only other reason for the statement of ownership is to so identify the offense as to protect the accused from a second prosecution for the same offense. Concerning the reasons for the statement of ownership, see: State v. Trapp, 17 S. C. 467. After the corporate name of the owner is alleged, we insist that this additional description or particularization is not necessary for this purpose, and does not even tend to accomplish this end, and this for the following reasons: If the owner is an individual, the statement of his name alone is sufficient. If the owner is a partnership, the ownership is laid and alleged in the individual names of the partners, and must be. It is not even necessary to set out the style or name of the partnership. 6 Cyc. 215, and cases cited. Missouri cases heretofore cited. If the owner is a corporation, the ownership must be laid in the corporation by its corporate name. From this it follows that if any name is alleged in an indictment, other than the name of an individual or individuals, the defendant knows (since he is presumed to know the law), that the owner is neither an individual nor a partnership, but is a corporation. There is absolutely no owner which, under the law, can be referred to by any name other than that of individuals, except a corporation, and when a name is used indicating upon its face, as does the name of ''Wabash Railroad Company,'' that it is not the name of an individual or individuals, the presumption must be indulged, and the defendant is fully informed, that the owner is a corporation. Identity of names creates the presumption of identity of persons, and if, in a second prosecution, the ownership of the

property herein described were alleged to be in "Wabash Railroad Company," the record would disclose upon its face that defendant had already been prosecuted for the offense here charged, and this regardless of the fact that the indictment does not specifically allege that the Wabash Railroad Company is a corporation.

WILLIAMS, C.—Defendant entered his plea of guilty to an information charging him with the burglary of a car of the Wabash Railroad Company and the larceny of certain goods belonging **Information: Burglary and Larceny: Alleging Incorporation.** to the company contained in said car. The court assessed defendant's punishment for the crime of burglary at two years in the penitentiary, and for the crime of larceny at two years in the penitentiary, and entered judgment sentencing defendant to four years in the penitentiary.

The information fails to allege whether the railroad company is a corporation or copartnership, and if a copartnership, fails to state the names of the copartners.

Defendant perfected an appeal to this court, and assigns as error the above-mentioned omission.

In the case of State v. Jones, 168 Mo. 398, it was held that a similar omission rendered the information bad. In that case Judge GANTT, speaking for the court, said:

"It has always been necessary to allege and prove the ownership of the house charged to have been burglarized, and the ownership of chattels alleged to have been stolen. [2 East, P. C. 650.] Where ownership is laid in a corporation, the fact of the incorporation should be alleged, and this is not affected by the fact that proof of the existence of the corporation *de facto* will sustain the charge. As nothing is to be left to intendment, the defendant is entitled to know whether

the State intends to show ownership in a firm composed of individuals or in a corporation. In this case he raised the objection in his motion in arrest, but it has often been ruled that he may take advantage of the defect in the indictment in this court for the first time. [State v. Patterson, 159 Mo. 98; Wharton's Crim. Law, secs. 1828 and 1833; 2 Russell on Crimes, p. 100; Wallace v. People, 63 Ill. 451; 1 Bishop's Crim. Prac. (3 Ed.), sec. 682; State v. Mead, 27 Vt. 722; Cohen v. People, 5 Parker's C. R. 330; 2 Archbald's Crim. Pl., 359; White v. State, 24 Tex. App. 231; Thurmond v. State, 30 Tex. App. 539; McCowan v. State, 58 Ark. 17.] There are cases to the contrary in other States, but in the absence of a statute we are relegated to the common law, and we hold the information bad in substance in failing to allege the names of the copartners, if the Drysdale-Ulen Hardware Company was a firm, and if a corporation in not alleging it was a corporation."

In the case of State v. Horned, 178 Mo. 59, the information charged that the defendant burglarized "the depot of the Mississippi River and Bonne Terre Railway," and the case was reversed and remanded because the information failed to allege that said railway was a corporation. In that case Judge Fox says:

"It may be ever so notorious that the railway mentioned was a corporation, yet that would not supply the necessary allegation that it was a corporation in the information or indictment. The general reputation and notoriety that it was a corporation would be sufficient proof of the existence of the corporation by virtue of the provisions of section 2634, Revised Statutes 1899; but before that proof would be admissible there must be an appropriate allegation in the information upon which to base it."

In the case of State v. Kelley, 206 Mo. 685, the information charged the defendant with the burglary of a car of the St. Louis and San Francisco Railway Com-

pany and the larceny of property therein.   The defendant in that case entered a plea of guilty, but the information was held to be fatally defective because it failed to allege that said railway company was a corporation or copartnership.

In the case of State v. Clark, 223 Mo. 48, the defendant was charged with the larceny of certain goods "of the Chicago, Burlington & Quincy Railway Company," and the information was held to be "fatally defective in not charging whether the alleged owner of the property was a corporation or a copartnership, and if a copartnership, in not giving the individual members thereof."

We cannot admit the contention of the Attorney-General that the above cases should be overruled on the authority of State v. Shields, 89 Mo. 259, or by force of sections 5114, 5115, Revised Statutes 1909. It is true the Shields case holds the contrary of the more recent opinions above cited; but no reason or warrant is given for the holding in that case save the authority of the cases therein cited.   One of such cases is that of Commonwealth v. Williams, 2 Cush. 582.   In that case the defendant was charged with burglarizing "the city hall of the City of Charlestown," Mass. The objection to the indictment was that it did not charge that the city of Charlestown owned the city hall; but the court held that the indictment was sufficient in that regard.   It will be seen at a glance that that case is not in point here.   A review of each of the other cases cited in the opinion in the Shields case discloses the fact that none of them supports the holding therein.

Section 5114, Revised Statutes 1909, has reference to variance between the charge and proof, and in no manner undertakes to remedy or cure defects that may be found in the indictment or information.   Section 5115, however, enumerates various defects which when found in the indictment or information will not render the same invalid, or cause the "trial, judgment or

other proceedings thereon'' to be ''stayed, arrested or in any manner affected.'' Such defect as shown in the information in this case is not mentioned in said section, but said section, after mentioning many defects which shall be considered harmless, states, ''nor for any other defect or imperfection which does not tend to the prejudice of the substantial rights of the defendant upon the merits.'' And then the Legislature, apparently in order that the section might not be given wider application than intended, places the following proviso at the end of the section: *''Provided* that nothing herein shall be so construed as to render valid any indictment which does not *fully inform* the defendant of the offense of which he stands charged.''

It will be noticed from the authorities cited above that the common law required that the indictment charge the ownership of the building burglarized or the property stolen. The allegation of ownership has always been considered as essential. As was said in State v. Clark, supra, 1. c. 52: ''Defendants in criminal cases are entitled to be informed by the pleadings of the charges against them, and the question of the ownership of property in burglary and larceny is an essential element in the charge.'' We are not aware of any rule or authority to justify the statement that a company name raises the presumption that the company is a corporation. It is well settled that a defendant charged with burglary or larceny is entitled to be informed as to who owns the property alleged to have been burglarized or stolen, and he is entitled to get this information from the information itself, and if the information designates the alleged owner by a company name, without stating that such company is a corporation or copartnership, and if a copartnership, it fails to give the individual members thereof, it thereby fails to *fully inform* the defendant of a very essential element of the offense of which he stands

charged, within the meaning of the proviso of section 5115, supra.

"It it not sufficient at common law to aver ownership in a partnership without giving the names of the partners." [2 Wharton on Crim. Law (11 Ed.), sec. 1220.] There is conflict of common law authority as to whether it is necessary to aver that the company is a corporation. Mr. Wharton, in his work on Criminal Pleading and Practice [9 Ed.], in footnote to section 110, says: "The question depends upon whether the court takes judicial notice of the (company) charter." Joyce on Indictments, p. 403, section 361, states the general rule thus:

"Where the party against whom an offense has been committed is a corporation, an indictment therefor should, as a general rule, state the corporate name and that it is a corporation. So it has been decided in New York that it is necessary to allege in the indictment and also to prove at the trial, that the corporation alleged to have been injured by the offense of the defendant was an existing corporation. And in this connection it is said that 'the indictment should aver facts which show that the company is a corporation. The use of a name which may import a corporation, or which, on the other hand, may be that of a voluntary association or a simple partnership, will not suffice.' "

We think the rule is correctly stated in the case of State v. Jones, supra, and cases following, and in conformity thereto the information is held invalid.

The judgment is reversed and the cause remanded. *Roy, C.,* dissents.


PER CURIAM.—The foregoing opinion of WILLIAMS, C., is adopted as the opinion of the court. *Walker* and *Faris, JJ.,* concur; *Brown, P. J.,* dissents.