## Canada v. Commonwealth.

(Decided Jan. 17, 1936.)

STEPHENS & STEELY and W. B. EARLY for appellant.

BAILEY P. WOOTTON, Attorney General, WM. A. SHUMATE, JR., Assistant Attorney General, and J. B. JOHNSON, for appellee.

OPINION OF THE COURT BY DRURY, COMMISSIONER— Reversing.

James Canada, indicted for murder, was convicted of manslaughter and his punishment fixed at five years in the penitentiary. This conviction was obtained under

the same indictment under which Ancil Richmond was convicted. See Richmond v. Commonwealth, 255 Ky. 758, 75 S. W. (2d) 500, for fuller statement of the facts.

### The Indictment and the Instructions.

The court instructed on conspiracy which had not been charged in the indictment. That was not error. See Crenshaw v. Commonwealth, 227 Ky. 223, 12 S. W. (2d) 336, headnote 17.

### Rulings on Evidence.

If a conspiracy be shown to exist, then everything said, done, or written by one of them during the existence of the conspiracy and in the execution or furtherance of the common purpose is admissible in evidence against the others even when they are not present. 16 C. J. p. 644, sec. 1283. Conspirators do not often act openly, hence evidence of the existence of a conspiracy is usually scarce, and, since the evidence of what one of the suspected conspirators may have said, done, or written out of the presence of the others is not admissible against the ones not present, unless a conspiracy existed, it is often necessary to instruct the jury that it must disregard the admitted evidence of such against the alleged conspirator who was not present, unless it believes from all the evidence in the case beyond a reasonable doubt, after excluding the things said, done, or written by the other defendants, that a conspiracy existed. See how this was handled in Crenshaw v. Commonwealth, 227 Ky. 223, 12 S. W. (2d) 336, headnote 16.

In this case the commonwealth was permitted to show by Lawrence Struck that Ancil Richmond had said to him when James Canada was not present:

"Press had caused him to have to throw his beer away and he's going to put up again and we's going to witness it and if he caught Press around, he didn't have any business, he'd come up missing."

The court admitted other threats made by Richmond when Canada was not present.

We can often test the correctness of a ruling by looking at the mischief that may be wrought under it.

Let us assume that Ancil Richmond had determined himself to kill Perkins and wished to involve James

Canada in order to avenge some real or fancied wrong done him by Canada, then what would be more natural than that Richmond should say, do, or write things calculated to do that, thus weaving about Canada a web that would appear to enmesh him, when in truth Canada was entirely innocent? If Perkins was slain by some of these defendants pursuant to an understanding among them, then all of them are accomplices, and, to make the evidence of what was said, done, or written by one accomplice admissible against another accomplice not present at the time, there must be evidence other than that of the accomplice; that is, other than Richmond's tending to connect Canada with the crime. Goodin v. Commonwealth, 256 Ky. 1, 75 S. W. (2d) 567; Mills v. Commonwealth, 259 Ky. 666, 83 S. W. (2d) 32. After a conspiracy is shown by evidence to have been established, everything said, done, or written by one of them while the conspiracy existed and in furtherance of its purpose is admissible against the others, whether present or not, but the evidence to establish the conspiracy must be found either in things said, done, or written by the one on trial or in parts of the evidence other than that coming directly or indirectly from the alleged coconspirators of the party on trial.

A conspiracy cannot be established solely by the direct or indirect evidence of an alleged coconspirator of the party who is on trial, hence, to justify the admission of what such alleged coconspirator may have said, done, or written out of the presence of the one on trial, there must be other evidence which will beyond a reasonable doubt connect the one on trial with the alleged conspiracy, and also other evidence tending to connect him with the crime. If Richmond had testified in this case that he and Canada killed Perkins pursuant to a previous plan, it would not be admissible unless there was other evidence which showed beyond a reasonable doubt a conspiracy existed, and it still would be necessary to have other evidence tending to connect Canada with the killing in order to convict him.

The commonwealth was permitted to show by James Bray an admission of guilt made by Richmond after Perkins was dead, and not in the presence of the appellant. That was error. 16 C. J. p. 657, sec. 1310; Shelby v. Commonwealth, 91 Ky. 563, 16 S. W. 461, 13 Ky. Law Rep. 178; Higgins v. Commonwealth, 142 Ky.

647, 134 S. W. 1135; Tapscott v. Commonwealth, 140 Ky. 573, 131 S. W. 487; Frazier v. Commonwealth, 76 S. W. 28, 25 Ky. Law Rep. 461.

## Conduct of Counsel.

The bill of exceptions shows that in his closing argument to the jury the attorney for the prosecution argued that the failure of appellant's codefendants to testify was significant.

The appellant's objection to this was not sustained, and properly so, for this was legitimate argument. See Thomas v. Commonwealth, 257 Ky. 605, 78 S. W. (2d) 777; McElwain v. Commonwealth, 146 Ky. 104, 142 S. W. 234; Davis v. Commonwealth (Ky.) 121 S. W. 429; Sellards v. Commonwealth, 5 Ky. Law Rep. 330, 12 Ky. Op. 319; Davis v. Commonwealth, 191 Ky. 242, 229 S. W. 1029, and 16 C. J. p. 906, sec. 2252.

The same attorney also said in that argument:

"The defendant, Jim Canada, could remember what happened much better in this trial than he could on the trial of the other defendant in this case, because he knew the other defendant had gotten what was coming to him."

The defendant's objection was overruled.

This was not entirely correct; the jury in each case should be allowed to do its duty free from the influence of what another jury may have done. If the attorney for the prosecution had offered to show by evidence that Richmond had been convicted and the punishment inflicted upon him, the court would not have permitted him to do so, and the matters that could not be introduced in evidence directly should not in argument be injected indirectly. But we need not determine whether or not this would authorize a reversal if there were no other error.

This is a close case on the facts, and in view of that, other questions are reserved.

The judgment is reversed.