THE STATE v. ANTON LATHAM, Appellant.—124 S. W. (2d) 1089.

Division Two, February 21, 1939.

*William A. Seibel* for appellant.

*Roy McKittrick,* Attorney General, and *Wm. Orr Sawyers,* Assistant Attorney General, for respondent.

COOLEY, C.—Appellant was convicted in the Circuit Court of Cole County of the crime of grand larceny, sentenced to two years' imprisonment in the penitentiary and has appealed. He filed no bill of exceptions in the trial court, so we have before us for review only the record proper, as certified by the circuit clerk.

Appellant has filed in this court two transcripts of the record, each certified by the clerk of the circuit court to be a full, true and complete transcript of the record. One, which we may call the first, was certified by the clerk under date of May 24, 1938, and filed here on June 6, 1938. The second was certified by the clerk under date of May 28, 1938, and filed here September 27, 1938. The first transcript does not show allocution and sentence, while the second transcript does, and contains some other entries not shown by the first. There is also a difference in the wording of the information as copied in the two transcripts respectively, which will be noted hereinafter. No explanation appears in the record before us for the filing of a second transcript. ■ It was appellant's duty, under Section 3757, Revised Statutes 1929 (Mo. Stat. Ann., p. 3295), in order to perfect his appeal, to cause to be filed in this court a complete and properly certified transcript. [See State v. Ross, 334 Mo. 870, 69 S. W. (2d) 293, 295 (6-7).] We assume that having discovered his first transcript was not a complete or correct one, appellant had the clerk make and certify the second and filed it here so as to comply with the statute. We shall treat said second transcript as the correct one. Appellant in his brief treats it as the only transcript, ignoring the first.

■ Omitting caption, signature and verification, the information, as copied in said second transcript, reads:

## "INFORMATION

"Comes now Carl F. Wymore, Prosecuting Attorney within and for the County of Cole and State of Missouri and upon his oath of office informs the Court that one Tony Latham, late of the County of Cole and State of Missouri, on the 23rd day of May, 1937, at the County of Cole and State aforesaid, did then and there unlawfully and feloniously steal, take and carry away one International Truck, Motor Number ————— of the goods and personal property of Eggers' Garage, and of the approximate value of $400.00, with the intent to deprive the owner of the use thereof, and to convert same to his own use, contrary to the form of the Statute in such case made and provided; and against the peace and dignity of the State."

As copied in the first transcript the words "a copartnership" appear in the information immediately following "Eggers' Garage" making that part of the information read "of the goods and personal property of Eggers' Garage, a copartnership." In his brief here appellant says the words "a copartnership" were interlined in the information, by way of amendment and by leave of court, over his

objections, during the trial. There being no bill of exceptions in the record we cannot of course consider matters of exception that could only be preserved for review by such bill.

Appellant contends that the information, both as originally filed and as amended, is fatally defective in that it does not sufficiently charge the ownership of the property alleged to have been stolen; in the original (if for convenience we may so designate it), because "Eggers' Garage" is not "identified" as a corporation, and in the information as claimed to have been amended because the names of the partners are not alleged. He cites State v. Kelley, 206 Mo. 685, 105 S. W. 606, State v. Henschel, 250 Mo. 263, 157 S. W. 311, and State v. Hurt (Mo.), 285 S. W. 976, which tend to sustain his contention, but those cases and a number of others announcing like doctrine were considered and in effect overruled on that point in State v. Carson, 323 Mo. 46, 18 S. W. (2d) 457. That was a prosecution for selling mortgaged property without consent of the mortgagee and without informing the purchaser, with intent to defraud the mortgagee. The mortgagee was named in the information as the "Citizens' Bank of New Franklin" with no allegation that it was a corporation or whether it was an incorporated bank or a private bank owned by one or more individuals. The defendant was convicted and the trial court sustained his motion for new trial on the ground that the information was fatally defective for failure to allege that said Citizens' Bank of New Franklin was a corporation. The State appealed and this court reversed the judgment of the trial court and remanded the cause with directions to that court to overrule the motion for new trial and reinstate the verdict. WHITE, J., speaking for the court, in an exhaustive and well reasoned opinion, reviewed prior decisions of this court in burglary and larceny cases, including the Kelley, Henschel and Hurt cases, supra, as well as cases from other jurisdictions and held that the failure of the information to allege that the Citizens' Bank of New Franklin was a corporation did not render it fatally defective, so as to be insufficient to support the verdict. The opinion refers to and discusses the Statute of Jeofails, Section 3562, Revised Statutes 1929 (Mo. Stat. Ann., p. 3158), which reads:

"Whenever on the trial of any felony or misdemeanor, there shall appear to be any variance between the statement in the indictment or information and the evidence offered in proof thereof, in the christian name or surname, or both christian name and surname, or other description whatsoever, or any person whomsoever therein named or described, or in the name or description of any matter or thing whatsoever therein named or described, or in the ownership of any property named or described therein, such variance shall not be deemed grounds for an acquittal of the defendant, unless the court before which the trial shall be had shall find that such variance is material

to the merits of the case and prejudicial to the defense of the defendant.''

In the instant case we do not have before us the proceedings at the trial except as shown by the record proper but, indulging as we must the presumption of right rather than wrong action on the part of the trial court, it is apparent that said court did not find that the ommission from the information of an allegation that Eggers' Garage was a corporation, or if a copartnership an allegation of that fact and the names of the partners, was material to the merits of the case or prejudicial to the defense of the defendant; because had the court so found it would have been in duty bound not to permit a verdict of guilty to stand. It submitted the case to the jury, accepted the verdict and permitted it to stand. We must presume that the court did not make such finding.

We shall not take space to recapitulate the reasons set forth in the Carson case for the holding there made. Suffice it to say that, while that was a prosecution for selling mortgaged property without consent of the owner the reasoning, in our opinion, applies with equal force to the question we are considering and results that, on the record before us, the information herein must be held sufficient to support the judgment. The verdict and judgment are sufficient. No reversible error appearing from the record before us the judgment must be and it is affirmed. *Westhues* and *Bohling, CC.,* concur.

PER CURIAM:—The foregoing opinion by COOLEY, C., is adopted as the opinion of the court. All the judges concur.