THE STATE v. PAUL D. QUINN, Appellant.—136 S. W. (2d) 985.

Division Two, February 21, 1940.

*W. L. Proffer* for appellant.

*Roy McKittrick,* Attorney General, *Wm. Orr Sawyers* and *Lawrence L. Bradley,* Assistant Attorneys General, for respondent.

WESTHUES, C.—Appellant, Quinn, was tried in the Circuit Court of Butler County, Missouri, on a charge of burglary and larceny. He was convicted of burglary in the second degree and sentenced to imprisonment in the State penitentiary for a term of nine years. An appeal was taken to this court.

Appellant did not contend that the evidence was insufficient to sustain a conviction, except in one particular which will be noted later in the opinion. A brief statement of the facts will therefore suffice. Two witnesses, named Green and Patterson, testified that appellant informed them that he needed some tires; that he had noticed tires in the Phillips 66 Warehouse; that appellant advised them to break into the warehouse and get the tires for him; that appellant furnished them, the witnesses, with gas and a car so that the tires could be taken to appellant's place, a short distance from Poplar Bluff. Green and Patterson further testified that they went to the warehouse that night, being in May, 1937, and forced their way into the building. They testified that the tires were locked on a chain, which made it impossible for them to steal the tires, so they took other property, such as inner-tubes, grease and oil, valued at about $80. The stolen property was taken to the place as directed by appellant and a few days later appellant paid the witnesses for their trouble. A Mr. Silsby, operator of a filling station in an adjoining county, testified that he purchased some inner-tubes from appellant similar to those taken from the warehouse by Green and Patterson. It will be noted the evidence showed that Green and Patterson were instructed by appellant to steal tires. That, under the evidence, was the intent and purpose of breaking into the warehouse. The trial court did not submit the charge of larceny to the jury. The evidence fully justified a conviction of burglary.

Appellant challenged the sufficiency of the information on the ground that it did not allege the ownership of the property taken. The information charged that the warehouse broken into was "The property of a Phillips 66 Oil Company, a Corp.;" that the property stolen was "the personal property of said Phillips 66 Oil Company, then and there in said warehouse being found." Appellant briefed

the point that the information as to the larceny failed to allege whether the Phillips 66 Oil Company was a corporation or a partnership. We may disregard this assignment of error because the larceny charge was not submitted to the jury and appellant was found guilty only of burglary. ■ The information charged in substance that the warehouse burglarized was the property of Phillips 66 Oil Company, a Corp., in which goods, wares, and merchandise were stored, kept and deposited, in said building. That, under our statute, Section 4048, Revised Statutes 1929 (Mo. Stat. Ann., p. 2849), was sufficient to charge burglary in the second degree. [State v. Arthur, 57 S. W. (2d) 1061, 1. c. 1062 (5); State v. Duncan, 336 Mo. 600, 80 S. W. (2d) 147, 1. c. 151 (8-10).]

■ Appellant, however, insists that there was a fatal variance between the charge and the proof, since the evidence disclosed that the true name of the corporation was "Phillips Petroleum Company;" that therefore the evidence did not support the charge. All of the witnesses in the case referred to the warehous as "Phillips 66 Warehouse," or "Phillips 66 Oil Company Warehouse," except the agent of the company when he was specifically asked to state the true name of the corporation. The location of the warehouse was agreed by all to have been a short distance south of Poplar Bluff on the ditch road. Appellant and his attorney also referred to the Company as "Phillips 66" and also used the term "Phillips 66 Warehouse." Note the following:

"Did you ever buy any gasoline, or furnish any automobile for them to use in the burglarizing of the Phillips 66 Warehouse? A. No, sir, I never did."

So it may be safely stated that, the error appearing in the information, regarding the name of the owner of the building burglarized, did not mislead appellant or prejudice his rights. Not only did the State refer to the corporation as "Phillips 66, Oil Company," or "Phillips 66," but the defendant and his attorney referred to the company in the same manner. From the evidence we infer that the company was commonly known by that name. Upon this subject this court in State v. Carson, 323 Mo. 46, 18 S. W. (2d) 457, 1. c. 461, said:

"It has not been pointed out how it could affect his substantial rights. There is no possible fact which he might prove in support of his plea of not guilty, or in rebutting proof of the charge in the information as filed, that he might have proved if the allegation of incorporation had been made."

The information was sufficiently certain that a judgment thereon could be successfully pleaded as a bar to any further prosecution for the same offense. [State v. Broyles, 317 Mo. 276, 295 S. W. 554, 1. c. 556 (5); State v. Duncan, 336 Mo. 600, 80 S. W. (2d) 147, 1. c. 151 (7).] Appellant cited in support of his contention, State v.

Henschel, 250 Mo. 263, l. c. 270, 157 S. W. 311; State v. Jones, 168 Mo. 398, l. c. 403, 68 S. W. 566, and similar cases. But those cases were expressly overruled in State v. Carson, 323 Mo. 46, 18 S. W. (2d) 457, l. c. 460 (2). The rule in the Carson case has since been followed in other cases. [See State v. Latham, 344 Mo. 74, 124 S. W. (2d) 1089.] See also an earlier case, State v. Nelson, 101 Mo. 477, 482, 14 S. W. 718, l. c. 719, 10 L. R. A. 39, where this court said:

"The merits of the case in no wise depended upon the question whether the husband or the wife was the owner of the house burglarized."

That case was approved in State v. Lackey, 230 Mo. 707, 132 S. W. 602, l. c. 605. The identity of the building burglarized must of course be made certain. That, however, was done in the case before us. The corporation was commonly known by the name used in the information. We therefore rule the point against appellant and this disposes of a number of other points briefed which were based upon the mistake in the name of the corporation.

■ Prior to the trial of the case the prosecuting attorney asked leave of court to amend the information by interlining the words "a corp." after the words "Phillips 66 Oil Company." Appellant asserted this was error. Under the authority of State v. Carson and State v. Latham, supra, the amendment was not material. However, an information may be amended with leave of court, prior to the trial, in matter of form or substance. [See Sec. 3508, R. S. 1929, Mo. Stat. Ann., p. 3131; State v. Tippett, 317 Mo. 319, 296 S. W. 132.] The fact that the amendment was made by a prosecuting attorney who was a successor to the prosecuting attorney who had filed the information is not material.

■ Appellant assigned error because the trial court permitted the State to introduce evidence which tended to impeach him for truth and veracity. There is no merit in this assignment since appellant testified in the case and was therefore subject to impeachment the same as any other witness. [State v. Scott, 332 Mo. 255, 58 S. W. (2d) 275.] We may note that the impeachment was limited to truth and veracity and did not include defendant's reputation for morality. [See State v. Williams, 337 Mo. 884, 87 S. W. (2d) 175, l. c. 180 (9).]

■ The record shows that during the argument made by the prosecuting attorney to the jury the attorney for the defendant objected to a statement made, that the defendant failed to call a co-defendant as a witness. The court was asked to reprimand the counsel. The court replied:

"The COURT: Gentlemen of the Jury, your verdict will be made up from the testimony you heard and not from what you didn't hear. If any is left out—you will not consider anything that is left out."

Appellant excepted to the failure of the court to reprimand the attorney. From the record we learn that the co-defendant referred to was sworn as a witness at appellant's request but was not called to testify. In a case cited by appellant, State v. Greer, 321 Mo. 589, 12 S. W. (2d) 87, l. c. 89 (2), this court ruled such an argument proper. . It was there held that a co-indictee may testify for the defendant on trial and that the failure of such co-indictee to testify was as legitimate matter for comment by the prosecuting attorney. [See also State v. Emory, 79 Mo. 461, l. c. 463.]

■ Appellant in his brief urges that the trial court erred in not granting him a new trial on the ground of newly discovered evidence. This evidence in fact did not come into existence until after the trial. Two of the State's witnesses were held in jail at the time of the trial. One was serving time at the jail and the other had been brought from the penitentiary for the purpose of testifying. Appellant offered a number of witnesses, who were confined to jail at that time, who testified that after the State's witnesses learned of appellant's conviction they stated that they had committed perjury. The State rebutted this by evidence of the sheriff and his deputy. This made it a question of fact and the trial court evidently did not believe appellant's witnesses. After reading the record we reached the same conclusion.

■ It is claimed that the punishment assessed was so excessive as to show bias and prejudice on the part of the jury. The punishment was within the limits prescribed by statute. It is argued that appellant's accomplices, on pleas of guilty, received a much less punishment. That of itself did not entitle appellant to a new trial. The jury may have been of the opinion, and rightly so, that a man who instigates others to steal and reaps the benefit thereof, while the hirelings are paid a small sum, deserves a greater punishment than the hirelings. Finding no reversible error in the record the judgment is affirmed. *Cooley* and *Bohling, CC.,* concur.

PER CURIAM:—The foregoing opinion by WESTHUES, C., is adopted as the opinion of the court. All the judges concur.