THE STATE v. SYLVESTER WOODS, Appelant.—142 S. W. (2d) 87.

Division Two, July 3, 1940.

*William J. Becker* for appellant.

*Roy McKittrick,* Attorney General, and *W. J. Burke,* Assistant Attorney General, for respondent.

WESTHUES, C.—Appellant Woods was found guilty in the circuit court of the city of St. Louis, Missouri, of manslaughter, and sentenced to imprisonment in the penitentiary for a term of two years. He appealed. The indictment charged appellant Woods, Charles Lane, John W. Hurshman and James Kuhlmeyer with the offense. A severance was asked for and granted, whereupon Woods was tried and convicted. The homicide was alleged to have been committed on October 21, 1937.

The State's evidence disclosed the following facts: The four men indicted were members of unions affiliated with the C. I. O., which means, "Congress of Industrial Organizations," of which appellant was an organizer. His duties included instructing local unions affiliated with the C. I. O. in the manner of conducting their meetings, and urging them to get all employees of various manufacturing plants, where the C. I. O. had a union, to join. There was a union in the Crunden-Martin factory, located at Second and Gratiot streets, affiliated with the C. I. O., but all of the employees of the plant did not belong. This plant was under the jurisdiction of appellant Woods, and at the time of the homicide a drive was in progress to get all employees of that plant to join the union affiliated with the C. I. O. Charles Lane entered a plea of guilty prior to appellant's trial and testified for the State. The substance of his evidence was as follows: He had known Woods as an organizer for the C. I. O. On the afternoon of October 21, he met Woods, who informed the witness and defendant Hurshman, also present, that there was a man at the

Crunden plant that he wanted "taken care of." Woods agreed to pay Lane $10.00 to do the job and informed the witness and·Hurshman there would be another man there to help them. Pursuant to that arrangement, Woods, Hurshman, Lane and Kuhlmeyer met near the Crunden plant about 4:30 P. M., and Woods then informed them that Coyle was the man they were to take care of; that he would point Coyle out and for them to give him a good beating, but not hurt him too much. When the plant closed for the day and the employees left for their homes, Woods pointed out Coyle and then left. Lane further testified that he followed Coyle to an alley where he accosted him and a fight ensued; that he knocked Coyle down and thereafter Kuhlmeyer kicked Coyle on the head. This was corroborated by a young lady who was working in a nearby building. At the time Hurshman was in his car, and after the assault Lane, Kuhlmeyer and Hurshman left the scene. Coyle was found dead a few minutes later by witnesses who testified in the case. Lane further testified that he saw appellant Woods that evening about 8:00 o'clock and informed him of the assault. Woods admitted that Lane so informed him, but emphatically denied that he had anything to do with it, or that he had instructed Lane or anyone else to assault Coyle. Appellant also denied the truth of any evidence which connected him with the offense. He testified that he was not at the Crunden plant on the evening of October 21, as testified to by Lane and another witness. Three police officers testified that appellant, on October 22, after his arrest, stated that he was near the Crunden plant, about the time the offense was committed, to see the financial secretary of the local union at the plant; that he thought he could give the police officers the names of four men who were implicated in the assault. Appellant denied having made any such statements. There was ample evidence to sustain the conviction.

Appellant filed a brief in this court and we will dispose of all the points made. It is insisted that the indictment against appellant should have been dismissed because four terms of court had passed before appellant was tried. Sections 3697, 3698 and 3699, R. S. Mo. 1929, Mo. Stat. Ann., pages 3253, 3254, 3255, govern this situation. Briefly stated the record disclosed the following: The indictment was filed December 3, 1937, and the case was continued by order of court for want of time to try the case. It was again so continued at the following term. At the next term the defendant asked for a severance and also filed a motion for continuance. The case was continued at defendant's request. On June 4, the case was again continued by order of court for want of time to try it, and the same order was made on September 16. On December 8, 1938, all of the defendants filed a motion to dismiss. This was refused and a trial was had on January 4 and 5, when defendant Woods was still asking for a continuance and filed a written application·therefor.

The record does not disclose that appellant ever answered ready for trial or desired a trial, but on the contrary he asked for further time to prepare his defense. The case was not continued at any time at the request of the State. Appellant did not question the truth of the order of the court by which the case was continued for want of time. In the face of that record appellant's application for discharge was rightfully denied. The purpose of the statute is to insure a defendant a speedy trial and to prevent laches on the part of the State. This question was fully considered in State v. Pierson, 343 Mo. 841, 123 S. W. (2d) 149, l. c. 151, 152 (2, 3). In an early case, State v. Huting, 21 Mo. 464, this court said:

"The statute was intended to operate only when there is some laches on the part of the State."

The statute itself is a complete answer to appellant's contention. Section 3697, supra, concludes:

". . . he (the defendant) shall be entitled to be discharged, so far as relates to such an offense, *unless the delay happened on his application, or be occasioned by the want of time to try such cause at such third term.*" (Italics ours.)

[See also State v. Nelson, 279 S. W. 401, l. c. 403 (1-7).] The section following, that is section 3698, supra, authorizes one continuance after the third term, provided the State applies therefor and the court is satisfied that the State has made reasonable effort to obtain material evidence which cannot be had, but there is just ground to believe can be had at the succeeding term. As stated above, the State at no time asked for a continuance. The case was continued either at defendant's request, or by the court for want of time to try the case. The appellant at no time objected to any continuance, and when the State sought a trial he asked for a continuance. The above statutes exclude such terms where appellant is granted a continuance or the cause is continued for want of time. The point is therefore ruled against appellant.

Next appellant asserts the trial court erred in refusing to permit him to inspect alleged written statements, made by witness Lane concerning the offense, for the purpose of impeaching Lane's evidence, which statements were in possession of the circuit attorney. The application was made after the case had been called for trial. This contention of appellant is without merit. The record showed the following: The trial court denied the request at the beginning of the trial with the comment:

"If, at a later time, you can produce any authorities that you said you once had, but cannot now find, you will have an opportunity to re-urge the point."

Thereafter Lane testified for the State. A police officer, who had taken written statements from Lane, testified he had read Lane's statements to the defendant Woods; that he, the police officer, had

546

a copy of Woods' statement. It was further disclosed by the evidence that the statements of Lane were published in a St. Louis newspaper. Appellant at no time during the trial again requested to inspect Lane's statements. He did not question the police officer as to the contents, nor did he ask the police officer to produce the statements of Lane. In view of that record it is evident that appellant is in no position to complain of the ruling of the trial court.

■ Error was assigned to the action of the trial court in holding that Lane, a co-indictee, was a competent witness for the State. Appellant further contended that Lane was not a competent witness because he was a confessed accomplice and had been promised a lighter sentence if he would testify for the State. Lane was a co-indictee. He had not been sentenced, but had entered a plea of guilty prior to appellant's trial. Appellant was permitted to disclose to the jury all the facts and circumstances with reference to the plea of guilty entered by Lane. If a co-indictee is given consideration by the State in the way of a lesser punishment for testifying, such fact does not disqualify him as a witness, but may be shown as affecting the credibility of his evidence. There was no evidence of any attempt to have Lane testify falsely. [State v. Richardson, 267 S. W. 841, l. c. 843 (6).] See State v. White, 126 S. W. (2d) 234, for a full discussion of this question. Since Lane entered a plea of guilty prior to appellant's trial he was a competent witness for the State. His case had been disposed of and the disqualification mentioned in section 3691, R. S. Mo. 1929, Mo. Stat. Ann., page 3240, no longer applied. [State v. Minor, 117 Mo. 302, 22 S. W. 1085; State v. Jackson, 106 Mo. 174, 17 S. W. 301; State v. Roderman, 297 Mo. 143, 248 S. W. 964.]

■ Appellant testified in his own behalf. Points five to eleven, inclusive, of appellant's brief are devoted to assignments of error concerning alleged improper cross-examination. The assignments are wholly without merit because the record does not support them. Appellant testified in detail as to his whereabouts on the day of the homicide, his connections with the C. I. O., his duties as an organizer and his acquaintance with his co-indictees. It is difficult to conceive how a cross-examination of appellant could have gone beyond the scope of the direct examination so long as it was confined to matters pertinent to the issue. Appellant had testified that he was not at the scene of the crime. It was therefore proper for the cross-examiner to question him concerning statements made to police officers inconsistent with his evidence. [70 C. J. 1078 and 1083, sections 1274 and 1275. Jones on Evidence (3 Ed.), sections 844, 845, 846, 849; State v. Clough, 38 S. W. (2d) 36, l. c. 39 (7), 327 Mo. 700.] Appellant denied having made the statements to the police officers and therefore the State was entitled to introduce evidence in rebuttal tending to show that appellant did make the alleged statements. This question

was fully considered in State v. Perkins, 342 Mo. 560, 116 S. W. (2d) 80, 1. c. 84, 85 (10).

■ Appellant urged error because the circuit attorney in his argument to the jury commented on the fact that Kuhlmeyer, a co-indictee, was not called as a witness to testify for the defendant. It will be noted that Lane testified that Kuhlmeyer was present when Woods made arrangements with them to assault Coyle. Kuhlmeyer therefore could have been used as a witness to refute Lane's evidence if Lane was not telling the truth. This court has passed on a similar question adversely to appellant's contention. See State v. Greer, 321 Mo. 589, 12 S. W. (2d) 87, 1. c. 90 (5, 6), where the question was reviewed at length. [Canada v. Commonwealth, 262 Ky. 177, 89 S. W. (2d) 880; State v. Quinn, 345 Mo. 855, 136 S. W. (2d) 985, 1. c. 987 (9).] ■ Another point is made that the prosecuting attorney stated in his argument to the jury that a witness for the defendant had deliberately stated a falsehood. A prosecutor has the right to comment on the evidence and the credibility of the witnesses from the State's viewpoint. He cannot be expected to tell the jury that all of the defendant's witnesses were truthful. Matters with reference to arguments to juries must to a great degree rest within the sound discretion of the trial courts. [State v. Reagan, 108 S. W. (2d) 391, 1. c. 397 (17, 20).] We have only isolated statements of the argument in the record. We note, however, that the attorney for the defendant indicated in his argument that the police officers and Lane had not been truthful. The point is ruled against appellant.

■ It is also asserted in the brief that, "The converse of positive instructions given for the state should be given when requested by the defendant."

Cases are cited in support of this statement, but the record discloses that appellant did not offer any converse instructions, so the point is not supported by the record.

Appellant, at the close of the case and before the instructions were read to the jury, objected to instruction number one in the following manner:

"MR. BECKER: . . . Now, at this time, I object to the giving and reading of Instruction No. 1 by the court for the reason that said instruction purports to cover the whole case and does not cover all of the facts and all of the law at issue in this case.

"THE COURT: In what respects, or does counsel not desire to state?

"MR. BECKER: I do not desire to state them."

It is now urged that pursuant to that objection and request the trial court was bound to give an alibi instruction. The following cases hold the contrary: State v. Enochs, 339 Mo. 953, 98 S. W. (2d) 685, 1. c. 688 (8, 9); State v. Trice, 338 Mo. 744, 92 S. W. (2d) 135, 1. c. 136, 137 (4, 5); State v. Wilson, 12 S. W. (2d) 445, 1. c. 447 (4), 321 Mo. 564.

548

We have considered all of the points briefed by appellant. We may note that the record discloses appellant was well defended at the trial. His counsel has presented the points ably in this court. The State introduced substantial evidence to sustain the charge of manslaughter. In such a situation we are not authorized to disturb the verdict unless there is error in the case. The judgment is affirmed. *Cooley* and *Bohling; CC.,* concur.

PER CURIAM:—The foregoing opinion by WESTHUES, C., is adopted as the opinion of the court. All the judges concur.