## LEDFORD v. COMMONWEALTH.

Court of Appeals of Kentucky.

Feb. 15, 1952.

Ollie James Cockrell, Jackson, for appellant.

J. D. Buckman, Jr., Atty. Gen., John B. Browning, Asst. Atty. Gen., J. Douglas Graham, Commonwealth's Atty., Campton, for appellee.

CAMMACK, Chief Justice.

Dan Ledford was sentenced to five years in prison on a charge of storehouse breaking. We are asked to reverse the judgment on the grounds that (1) the trial judge made a prejudicial statement about the affidavit as to the testimony of three witnesses which was read to prevent a continuance of the case; and (2) it was improper for the Commonwealth's Attorney to comment on the failure of a codefendant to testify.

At the conclusion of the reading of the affidavit the trial judge told the jury: "Gentlemen of the jury, the evidence read here is what is supposed to be the evidence of Dan Bush, Paul Cole and James (Blue) Herald."

When counsel for Ledford moved to set aside the swearing of the jury the judge immediately corrected his statement by saying: "This is the evidence of the witnesses." The motion to set aside the swearing of the jury was overruled.

In Barnett v. Commonwealth, 225 Ky. 585, 9 S.W.2d 715, it is pointed

out that it is improper for a prosecuting attorney to make a statement discrediting an affidavit stating what an absent witness would say, when read as a deposition to avoid a continuance. Obviously, the same rule would apply to a statement of a trial judge. Objection is directed to the use of the word "supposed" by the trial judge in his first statement about the affidavit. The judge corrected this statement immediately by telling the jury that the affidavit was the evidence of the absent witnesses. Under the circumstances, we do not believe the substantial rights of Ledford were prejudiced.

It is provided in KRS 455.090 that the failure of a defendant to testify in his own behalf shall not be commented upon. This rule does not prohibit the Commonwealth's Attorney from commenting upon the failure of a codefendant to testify. See Davis v. Commonwealth, 191 Ky. 242, 229 S.W. 1029; Canada v. Commonwealth, 262 Ky. 177, 89 S.W.2d 880.

Judgment affirmed.