STATE of Missouri,
Plaintiff-Respondent,

v.

William J. STRINGER,
Defendant-Appellant.

No. 14715.

Missouri Court of Appeals,
Southern District,
Division Two.

Jan. 22, 1987.

Application to Transfer Denied
Feb. 10, 1987.

Application to Transfer Denied
March 17, 1987.

Charles D. Moreland, Rolla, for defendant-appellant.

William L. Webster, Atty. Gen., John M. Morris, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

MAUS, Judge.

By Count I of an information the defendant was charged with burglary in the second degree in that he knowingly entered unlawfully Frankie's Grocery Store for the purpose of committing stealing. § 569.170. By Count II of that information he was charged with stealing 60 cartons of cigarettes. § 570.030. The defendant's guilt of those offenses was submitted by instructions patterned upon MAI–CR 2d 2.12 in that "the defendant acted together with or aided David Roth or Patricia Cook in committing that offense." The jury found the defendant guilty of each offense. As a persistent offender, he was sentenced to five years upon each conviction, the sentences to run concurrently. By his one point on appeal the defendant questions the sufficiency of the evidence.

The evidence included the testimony of Patty Cook and Frank Schultz. The following is a succinct summary of the testimony of Patty Cook. She, David Roth and the defendant lived in the vicinity of Frankie's Grocery in the small community of Hartshorn. The three spent the afternoon of November 25, 1984, drinking and driving around. To get money for more beer and gasoline, the three planned to rob Frankie's Grocery. They parked at a church, approximately 100 yards distance from the store. They walked across a field to the rear of the store. They gained entrance by breaking the glass in the rear door. She stole chips, dip and cigarettes. The defendant or David Roth stole cigarettes. Some stolen goods were placed in a shed near Roth's

home. The three then drove approximately 30 miles to Gander's Store. They traded a portion of the stolen goods for gasoline and beer. In the early morning hours, Patty Cook went to sleep or passed out. When she regained consciousness it was daylight. She was then with the defendant and Roth at the home of the defendant's nephew. They returned to Hartshorn.

The testimony of Frank Schultz established the following. He lived near his store. At approximately 2:30 a.m. on November 26, 1984, he went to the store to supply gasoline to a woman in need. He checked the store and found it had been entered through the rear door and a quantity of merchandise taken. He relocked the rear door. However, because the glass was broken he decided to remain in a corner of the store. While there he heard a noise at the rear door. He looked and saw David Roth and the defendant running from the store toward Roth's home. In a few minutes he saw Roth and the defendant pass by the front of the store in an automobile.

The defendant's sole point is that "the quantum of credible evidence was insufficient to overcome the presumption of defendant's innocence." To support that point he relies upon an often repeated rule. "A conviction may be had on the uncorroborated evidence of an accomplice unless such testimony is so lacking in probative force as not to amount to substantial evidence." *State v. Powell*, 433 S.W.2d 33, 34 (Mo.1968).

Defendant's argument under that point presents the following propositions. He cites alleged discrepancies in the testimony of Patty Cook concerning time and the group's activities. He emphasizes that she testified only as a result of a "deal." That deal was that if she testified she would not be charged with burglary or larceny arising from the event in question and her parole on another charge would not be revoked. As a result of these factors, he insists that her testimony is not substantial evidence and is uncorroborated. There-

fore, he concludes, his convictions must be reversed.

The defendant's argument is legally and factually unsound. "Evidence is insubstantial only where it is inherently incredible or self destructive, totally impeached by contradictory evidence or such that reasonable minds could not believe it." *State v. Clark,* 701 S.W.2d 546, 549 (Mo.App.1985). The minor inconsistencies referred to did not cause the testimony of Patty Cook to be less than substantial evidence. *State v. Moore,* 642 S.W.2d 917 (Mo.App.1982). The same is true of the fact that she testified as the result of a deal.

> Even assuming that a promise of immunity was made to both Corn and Evinger, the record is bereft of any evidence or inference that they were asked to testify other than truthfully. The mere supposed fact that immunity from prosecution was promised in exchange for their testifying did not cause their testimony to be insubstantial. Any such promise held out to induce an accomplice to testify affects only his credibility. *State v. White,* 126 S.W.2d 234 (Mo.1939); *State v. Newman,* 289 S.W. 831 (Mo.1926); *State v. Midkiff,* 286 S.W. 20 (Mo.1926).

*State v. Morris,* 518 S.W.2d 79, 81 (Mo.App.1974). That principle has been applied in numerous cases. See *United States v. Evans,* 697 F.2d 240 (8th Cir.), cert. denied, 460 U.S. 1086, 103 S.Ct. 1779, 76 L.Ed.2d 350 (1983); *State v. Woods,* 346 Mo. 538, 142 S.W.2d 87 (1940); *State v. Gant,* 586 S.W.2d 755 (Mo.App.1979); *State v. Long,* 578 S.W.2d 346 (Mo.App.1979); *State v. Summers,* 506 S.W.2d 67 (Mo.App.1974).

Further, Patty Cook's testimony connecting the defendant with the offense was corroborated. Schultz saw the defendant in the company of Cook and Roth in the vicinity during the afternoon. He saw them together about midnight. He saw Roth and the defendant running from the rear of the store, after he had discovered the burglary and relocked the door. Part of the stolen merchandise was located in a shed where Cook stated it had been placed. This was sufficient. *State v. Gant, supra;*

*State v. Light,* 563 S.W.2d 782 (Mo.App. 1978). The judgment is affirmed.

PREWITT, P.J., and HOGAN and FLANIGAN, JJ. concur.