STATE of Missouri, Plaintiff-Respondent,

v.

Melvin Lee CONLEY,
Defendant-Appellant.

No. KCD 28368.

Missouri Court of Appeals,
Kansas City District.

Nov. 1, 1976.

Motion for Rehearing and/or Transfer
Denied Nov. 29, 1976.

Thomas M. Larson, Public Defender, Lee M. Nation, Asst. Public Defender, Kansas City, for defendant-appellant.

John C. Danforth, Atty. Gen., Philip M. Koppe, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

Before DIXON, P. J., PRITCHARD, C. J., and WASSERSTROM, J.

DIXON, Presiding Judge.

Defendant was charged by indictment with one count of sodomy and one count of assault with intent to rape. Upon a record that demonstrates the defendant's knowledge of his right to a jury trial, he voluntarily submitted the issues to the trial judge who found the defendant guilty of sodomy and acquitted him on the assault with intent to commit rape. The sentence was nine years.

Defendant appeals claiming insufficiency of the evidence to support the conviction and, second, that Section 563.230 RSMo 1969 is an unconstitutional invasion of sexual privacy. We affirm.

■ On the first issue raised, it is sufficient to say without recital of the facts that the defendant, both by characterization and explicit recital of facts, admitted an act of anal intercourse.

■ On the second point, neither the motion for a directed verdict nor the motion for a new trial raised the constitutional issue. It is the rule in Missouri that to preserve a constitutional issue for appellate review it must be raised at the earliest time consistent with good pleadings and orderly procedure. *State v. Flynn*, 519 S.W.2d 10, 12 (Mo.1975). Constitutionality of the statute under which a defendant is convicted will not be considered for the first time on appeal. *State v. Byrne*, 503 S.W.2d 693, 695–696 (Mo.Banc 1973). Failure to raise the constitutionality of the statute in the trial court concedes its validity. *State v. Lofton*, 1 S.W.2d 830, 832 (Mo.1927).

Judgment affirmed.

All concur.