STATE of Missouri, Respondent,

v.

Robert Lee WILKERSON, Appellant.

No. KCD 29041.

Missouri Court of Appeals,
Kansas City District.

Oct. 31, 1977.

Albert A. Riederer, Gepford, Sears, Matula, Alena & Riederer, Kansas City, for appellant.

John D. Ashcroft, Atty. Gen., Nanette Laughrey, Asst. Atty. Gen., Jefferson City, for respondent.

Before SHANGLER, P. J., and WELBORN and HIGGINS, Special Judges.

SHANGLER, Presiding Judge.

The defendant was convicted of the offenses of assault with intent to maim with malice aforethought and also of tampering with a motor vehicle. He was sentenced to total terms of twelve years imprisonment and this direct appeal follows:

The evidence favorable to conviction shows that two persons alighted from a red Volvo automobile and broke into a parked automobile in search for drugs. They were detected by policemen on surveillance and a chase on foot developed down dark streets

and alleys. In the course of this flight a shot was fired at an officer in pursuit. The brother of the defendant was captured, but the other principal was seen to enter the red Volvo automobile which was then seized and the occupants arrested. Among them were the defendant and Rosenthal the driver. The keys to the tampered vehicle, the gun and gloves were found in the Volvo.

The defendant was implicated as one of those who broke into the car by the policeman who had chased him. The tenor of the defense was that the identification of the defendant made under conditions of night was mistaken. The brother of defendant testified that his break into the automobile and the subsequent discharge of firearm at the policeman was in concert with one Anders, and not with his brother or Rosenthal. It was his further testimony that Rosenthal had earlier that evening picked up the defendant and wife for a sojourn at a tavern so that [presumably] their presence in the Volvo at the time of the attempted escape was nothing more than coincidence.

The defense, however, did not call Rosenthal as a witness and the prosecutor commented on that lapse during his summation. Counsel for defendant had argued that the identification by the state was so contradictory, and that in any event the brother had admitted the crime in concert with Anders, that no inference of guilt was possible as to the defendant. To this the prosecutor responded in argument that the only reasonable inference from the evidence was that it was the defendant who broke into the car, took the keys, fired the shot at the policeman and fled into the Volvo and that had it been otherwise, the defendant would have produced the driver Rosenthal to prove the contrary:

> There's no credible evidence as to where this defendant was when that crime was committed. Why didn't they bring in Rosenthal? We heard him mentioned.

And then again after the objection by the defendant that Rosenthal was equally available to the State did not avail:

> Why didn't the defendant bring in Rosenthal? He could have verified where the

defendant was. He was driving the car. He could have said the defendant was with him. Why didn't they bring him in? He could have explained the keys. He could have explained the gun, and the gloves. But the didn't bring him in.

The sole contention on this appeal that the prosecutor was not allowed those comments is without merit. It is clear that one party may argue the adverse inference from the failure of the other party to produce a witness who would be reasonably expected to give testimony in his favor. *State v. Wallach*, 389 S.W.2d 7, 13[4–6] (Mo. 1965); *State v. Collins*, 350 Mo. 291, 165 S.W.2d 647, 648[1, 2] (1942); 23A C.J.S. Criminal Law § 1099. That rule, however, does not allow an adverse inference where the witness is equally available to the State and the defendant. The sense of *available* within this rule of argument means more than merely that the physical presence of the witness may be commanded by process. Rather, a witness becomes more available to one or another of the parties when the opportunity of the party for knowledge or control over the witness, the relationship or the community of interest between them, or from the prior declarations and statements of the witness, a natural expectation follows that the witness would testify in favor of the one party against the other. In such case, the failure of the one party to call the witness leads logically to the inference that the witness was not called because that party knew or feared that the testimony on the stand would have damaged rather than favored the party. *State v. Collins, supra*, 165 S.W.2d pp. 648–649. The failure of one party to produce such a witness is a legitimate subject for comment by the other party.

The evidence of the defendant suggests an alibi—that is, that he was with Rosenthal at a tavern when the crime was committed. The relationship between them, the information the defendant attributed to Rosenthal, and their community of interest were such that the defendant would naturally have been expected to use him as a witness. Accordingly, the com-

ment by the prosecutor on the failure of the defense to call Rosenthal to establish his place at the time of the crime was altogether legitimate. *State v. Cabell*, 539 S.W.2d 584, 588[11–13] (Mo.App.1976).

 It does not appear whether Rosenthal was also charged with a crime from this incident. Our law does not except a co-indictee or codefendant from the operation of this rule. It remains within the scope of legitimate argument for a prosecutor to comment on the failure of a defendant to call a codefendant to testify in circumstances where the adverse inference is otherwise allowable. *State v. Greer*, 321 Mo. 589, 12 S.W.2d 87, 89[2–4] (1928); *State v. Quinn*, 345 Mo. 855, 136 S.W.2d 985, 987[9] (1940); *State v. Woods*, 346 Mo. 538, 142 S.W.2d 87, 90[8–10] (1940).

The judgment is affirmed.

All concur.