**STATE of Missouri,
Plaintiff-Respondent,**

v.

**Joseph Dean COLLINS,
Defendant-Appellant.**

**No. 39696.**

Missouri Court of Appeals,
Eastern District,
Division Two.

July 24, 1979.

Motion for Rehearing and/or Transfer to
Supreme Court Denied Sept. 17, 1979.

James M. Martin, St. Louis, for defendant-appellant.

Paul Robert Otto, Steven Scott Clark, Asst. Attys. Gen., Jefferson City, George A. Peach, Circuit Atty., St. Louis, for plaintiff-respondent.

STEWART, Judge.

Defendant was charged under a two count indictment with Forcible Rape and Sodomy, he was convicted of sodomy and punishment was fixed at two years. We affirm the conviction.

On September 23, 1976, defendant was working as an electrician. When defendant arrived at the job site at approximately 8:30 AM neither his employer, Mr. Lewis, nor his co-workers Heimsness and Smith were there. Defendant called Heimsness, told him the employer had failed to show up and made arrangements to meet at a bar near the site.

Defendant, Heimsness and Smith played pool and drank beer. Around 10:30 or 11:00 AM the trio went back to the job site to see if Mr. Lewis had arrived. They stayed at the site for approximately an hour and then returned to the tavern. Smith and defendant struck up a conversation with the barmaid. During the course of the day the barmaid mentioned that her car was in need of repair. Defendant said that he would look at her car and give her an estimate. They agreed to meet after she finished work at 5:00 PM and that defendant would check over her car, determine the trouble and estimate the cost of repair. Defendant and his friends left the bar around 2:30 PM.

Defendant returned to the bar at approximately 5:30 PM. The barmaid followed defendant in her car to the job site, a large old building that had double doors that opened into an area that would accommodate vehicles. Defendant opened the double doors and parked his car inside. The woman followed him in and parked her car next to his. Defendant closed the doors, went back to his car and pulled out a blanket and placed it on the floor between the two cars. When the barmaid asked about automotive tools defendant grabbed her

arms and dragged her back into her car and he removed her clothing. She struggled and screamed. Defendant threatened her and hit her a couple of times in the face. He then dragged her out of the car to the blanket. Defendant removed his pants and then forced her to engage in fellatio. Afterward she got up and tried to run. Defendant knocked her down and dragged her back to the blanket. He then had intercourse with her. The victim also testified that defendant failed in an attempt at anal intercourse.

Defendant subsequently apologized and let her go with the admonition not to tell anyone.

By way of defense defendant testified that nothing was said with respect to the victim's car. She agreed that they would get a six-pack, go to the job site and "get to know each other, get it on"; that he did not strike her, that she removed her clothing and consented to have intercourse with him. He further testified as follows:

"Q. Now, going back to the events inside the warehouse building at any time did you force Dora Naucke to commit a sodomy on you?

A. No.

Q. At any time did you force her to put your penis in her mouth?

A. No, but I wouldn't willingly chop it off either."

He testified on cross-examination that the woman did "commit an act of sodomy" on him.

■ Defendant first contends that the trial court committed plain error in permitting the State to proceed with evidence of attempted rectal sex when defendant was not charged with that act.

The subject was first mentioned in the State's opening statement to which defendant made no objection at the time. Nor did he object when the victim was questioned on the subject in direct examination. When the matter was pursued defense counsel asked to approach the bench. After noting that defendant was not charged with this offense the following occurred:

"MR. MARTIN: (Defendant's Attorney) . . . As far as I'm concerned he can go ahead with it. I advised my client it's not in the indictment and that we are waiving the issues of mistrial as to this even though it's beyond the scope. I then feel I have the right to come back and fully cross-examine her on this issue."

Defendant developed the fact that the witness' statement in the police report contained no reference to attempted anal sex. It is clear that defendant waived any objection he had to the evidence for tactical purposes. The issue has not been preserved for review. *State v. Mandina*, 541 S.W.2d 716 (Mo.App.1976). Under the circumstances we do not consider the matter as plain error.

■ In his second point defendant argues that the court erred in overruling his Motion to Dismiss Count II because § 563.230, the statute on sodomy, is unconstitutionally vague and failed to advise him of the nature of the charge.

The issue presented by defendant has been thoroughly considered and determined adversely to defendant's contention by the Supreme Court in *State v. Crawford*, 478 S.W.2d 314 (Mo.1972). We are bound by that decision and any further discussion by us would have no precedential value. *State v. Burr*, 542 S.W.2d 527 (Mo.App.1976).

■ Defendant next alleges error in the failure of the trial court to submit requested instruction "A" as a converse to the charge of sodomy. The requested instruction is the same as that given by the court with the addition of the words underlined and reads as follows:

" 'As to Count II, if you do not find and believe from the evidence beyond a reasonable doubt that on September 23, 1976 in the City of St. Louis, State of Missouri, the defendant <u>wickedly and feloniously</u> inserted his male sex organ into the mouth of said Dora Elaine Naucke, then

you must find the defendant not guilty under Count II of sodomy.' "

Defendant is entitled to a converse instruction in proper form if requested. MAI 3.02 Note 1. *State v. Sanders*, 541 S.W.2d 782, 785 (Mo.App.1976). A converse instruction is a negative of a positive statement of an essential element or elements of a cause of action as stated in a verdict directing instruction. The verdict directing instruction given by the court was MAI 12.50. This was the instruction required to be given. The essential element in the verdict directing instruction to be conversed required the jury to find that the defendant inserted his male sex organ into the mouth of the victim. Defendant's requested instruction by adding the words "wickedly and feloniously" failed to converse the essential element of the crime submitted by the court. The court did not err in refusing to give the instruction as submitted. *State v. Sanders, supra*. The court fulfilled its obligation to defendant by giving a proper converse instruction.

■ Defendant claims that the court erred in overruling his motion for directed verdict because there was insufficient evidence to establish penetration. A reading of the transcript, without repeating the details here, reveals that there was an abundance of evidence to warrant a finding of penetration. Defendant himself while denying that he forced penetration admitted that he engaged in the act of sodomy[1] with the victim. This contention is without merit. *State v. Conley*, 543 S.W.2d 804 (Mo.App.1976).

■ Defendant next asserts that the court erred in failing to sustain his motion for a mistrial when the State in closing argument commented upon his failure to produce R. William Smith as a witness.

The defendant in his opening statement mentioned that R. William Smith, known as Smitty, and Jerry Heimsness were with defendant at the tavern; that they all talked

---

1. "Q. Now, did you or did she commit an act of sodomy on you that day.

A. Yes.

Q. And, you did not force her to do that?

A. No."

with the prosecuting witness throughout the day and that she had made a date with Smitty. Defendant also indicates that Smitty would testify. Counsel stated that they were trying to locate him; that they had a subpoena out for him. Reference was made to Smitty throughout defendant's case by Mr. Heimsness and by defendant in his own testimony. The effect of defendant's testimony was that the prosecuting witness readily agreed to a date with Smitty and gave him her phone number. Later she agreed to go with defendant to the job site, have a six pack and get acquainted. The obvious purpose of this line of testimony was to strengthen the defense of consent to the charge of rape.

During closing argument the State argued:

"Another question: Where is Smitty? Where is the guy she made the date with who's got her phone number who was sitting here"

A party may argue the adverse interest that arises from the failure of an opposing party to produce a witness who would be reasonably expected to testify in his favor. Such an inference does not arise and may not be argued when the witness is equally available to the opposing parties. *State v. Wilkerson*, 559 S.W.2d 228 (Mo.App.1977).

As said by the court in *Wilkerson* at p. 229:

". . . a witness becomes more available to one or another of the parties when the opportunity of the party for knowledge or control over the witness, the relationship or the community of interest between them, or from the prior declarations and statements of the witness, a natural expectation follows that the witness would testify in favor of the one party against the other. In such case, the failure of the one party to call the witness leads logically to the inference that the witness was not called because that party knew or feared that the testimony on the stand would have damaged rather than favored the party."

Here, defendant and Mr. Smith were co-workers and appear to be social friends.

The testimony of defendant and his witness Heimsness indicated to the jury that the testimony of Mr. Smith would favor defendant. Smitty was more available to defendant than to the State. The comment of the State was proper.

Defendant's next point reads:

"The Trial Court Erred in Refusing Appellant's Motion For Judgment of Acquittal Or In The Alternative For A New Trial Because The Jury's Verdict Determined That The Alleged Sodomy Constituted Consensual Conduct Of Both The Alleged Victim And The Appellant And The Prosecution Of The Male Participant Only Is Violative Of Appellant's Right To Privacy, Equal Protection Of The Law and Due Process In Violation Of Defendant's Rights Under The First, Fifth and Fourteenth Amendments Of The United States Constitution and Article One, §§ 2, 5, 8 and 10 Of The Missouri Constitution."

While the point even as developed by the argument is somewhat obscure, defendant appears to be asking this court to interpret the Constitution of the United States and of the State of Missouri and to rule that § 563.230 is unconstitutional because it makes acts of sodomy between consenting adults a crime.

If the issue has been properly raised we have no jurisdiction and the case must be transferred to the Supreme Court to interpret the Constitutions. *State v. Hegwood*, 558 S.W.2d 378 (Mo.App.1977). If the issue was not timely raised and preserved the matter is not before the court and we have jurisdiction to determine the other issues in the case.

The present contentions of defendant were raised for the first time in his Motion for New Trial. It has long been held in this state that consent is not a defense to the crime of sodomy. *State v. Katz*, 266 Mo. 493, 181 S.W. 425 (1915). *State v. Dingman*, 232 S.W.2d 919 (Mo.1950). The evidence on behalf of the State tended to show that defendant had forced the witness to commit the act. Defendant's evidence including his own testimony tend to show that the witness consented to have intercourse with defendant and to the act of

sodomy. The verdict of the jury did not determine that the act of sodomy was consented to by the victim. That issue was not presented to the jury for its determination. The issue which defendant now seeks to raise was ripe throughout the trial. At the very latest it could have been raised in a motion for directed verdict or in the instruction conference by way of offering an instruction submitting his proposed defense. The issue was not raised at the earliest time consistent with good pleading and orderly procedure and is not preserved for appellate review. *State v. Burton*, 544 S.W.2d 60, 64 (Mo.App.1976).

Defendant has filed a motion with affidavit attached asking leave to raise an additional issue in this court. The affidavit concerns matters that took place in a bench conversation which is designated in the transcript as ". . . a discussion at the bench off the record." If defendant had wished to make the conversation a matter of record he should have made the request at the time. *State v. Hoopes*, 534 S.W.2d 26 (Mo.1976). The motion of defendant is denied.

Finding no error the judgment is affirmed.

STEPHAN, P. J., and KELLY, J., concur.