STATE of Missouri, Respondent,

v.

Kerry Warren KARNES, Appellant.

No. 41227.

Missouri Court of Appeals, Eastern District, Division Three.

Sept. 16, 1980.

Motion for Rehearing and/or Transfer to Supreme Court Denied Nov. 14, 1980.

Application to Transfer Denied Jan. 13, 1981.

Robert C. Babione, Public Defender, James W. Whitney, Nick Zotos, Asst. Public Defenders, St. Louis, for appellant.

John D. Ashcroft, Atty. Gen., Paul Robert Otto, Nancy D. Kelley, Asst. Attys. Gen., Jefferson City, George A. Peach, Circuit Atty., St. Louis, for respondent.

CLEMENS, Senior Judge.

A jury found defendant Kerry W. Karnes guilty of felonious assault (§ 559.180 RSMo. 1969), and the jury being unable to agree on punishment, the trial court sentenced him to ten years in prison. Defendant appeals, challenging the court's disqualification of a prospective juror and also the prosecutor's cross–examination and argument about witnesses defendant had failed to call.

Defendant does not question sufficiency of the state's evidence: In the early morning hours the prosecutrix was driving home from work, followed by defendant. When she got out of her car defendant struck her repeatedly with a hammer. Her purse which had contained credit cards and cash was found, without the money, some distance away. Defense was alibi.

On voir dire the disqualified prospective juror was asked about her ability to assess defendant's punishment if the jury found him guilty. Her equivocal answers ranged from saying she did not understand what it meant to assess punishment, to saying that would be "rather weighty" for me, and to finally answering "yes" to a leading question about being able to assess punishment. After extended questioning the court sustained the state's challenge to the prospective juror, giving its opinion that she did not understand the questions asked, that she could not adequately perform a juror's functions, and therefore would not make a fair and impartial juror.

Now contending the trial court erred in disqualifying the prospective juror, defendant cites three cases each holding no error in refusing to sustain a *defendant's* challenge to prospective jurors. None is in point.

The trial court had a wide discretion in measuring the prospective juror's qualifications and its ruling will not be disturbed on appeal unless that discretion has been patently abused. *State v. Treadway*, 558 S.W.2d 646[1, 2] (Mo.banc 1977), and a host of cases found at 18 Mo.Dig., Jury, Key 85. We hold the trial court's ruling on defendant's challenge was not error.

As noted, the defense was alibi. Defendant's live–in girl friend testified he was home for half an hour after 2:00 A.M. (The prosecutrix had testified the assault was at 2:20 A.M.) The defendant testified in detail as to his various movements on the early morning in question, including the names of friends he was with. None of these testified.

As to defendant's last point he made two related contentions in his after–trial motion. First, the trial court erred by allowing the prosecutor to cross–examine him as to *why* he failed to call certain witnesses. Second, the trial court erred by allowing closing argument that defendant failed to call those witnesses to testify.

Defendant's first sub–point is not supported by the record. In cross–examining defendant the prosecutor questioned him about knowing the whereabouts of the several named prospective alibi witnesses and whether they knew defendant was then on trial. He never asked why defendant had not called the witnesses. And, defendant

did not object to this line of inquiry. We deny defendant's first sub–point.

■ As to defendant's complaint about the state's closing argument concerning uncalled defense witnesses: Referring to persons defendant had named as his associates at the time of the robbery but whom defendant did not call to testify the prosecutor argued "Where are these people?". Defendant now contends this argument was improper because these witnesses were "equally available to both sides". Not so. The term "equally available" means more than merely being subject to subpoena; witnesses are more available to a defendant when their relationship, as here, is such that there is a natural expectation that the witness would be favorable to the defendant. *State v. Wilkerson*, 559 S.W.2d 228[1, 2] (Mo.App.1977).

In *State v. Ganaway*, 556 S.W.2d 67[3] (Mo.App.1977) we held that when a witness appears to be favorable to defendant, who does not call him to testify, an adverse inference may be drawn against the defendant; and the trial court has a wide discretion in determining whether the facts warrant invocation of an unfavorable inference.

We hold the trial court did not abuse its discretion in allowing either the challenged cross–examination or closing argument.

Judgment affirmed.

DOWD, P. J., and REINHARD and CRIST, JJ., concur.