Robert **WILKERSON**, Appellant,

v.

**STATE of Missouri,** Respondent.

No. WD 31533.

Missouri Court of Appeals,
Western District.

Feb. 1, 1981.

Motion for Rehearing and/or Transfer to Supreme Court Denied March 2, 1981.

Application to Transfer Denied
April 6, 1981.

Clifford A. Cohen, Public Defender, Gary L. Gardner, Asst. Public Defender, Kansas City, for appellant.

John Ashcroft, Atty. Gen., Darrell Panethiere, Asst. Atty. Gen., Kansas City, for respondent.

Before WASSERSTROM, C. J., Presiding, and SHANGLER, PRITCHARD, DIXON, SOMERVILLE, and MANFORD, JJ., and SWOFFORD, Senior Judge.

SOMERVILLE, Judge.

This appeal comes from a judgment adverse to a Rule 27.26 movant who sought to have convictions and sentences for assault and tampering with a motor vehicle set aside. Movant was represented at his unsuccessful Rule 27.26 hearing by a member of the Jackson County Public Defender's Office.

Movant was found guilty of the underlying offenses by a Jackson County jury on July 21, 1976. He was represented by employed counsel during the trial. Employed counsel pursued an unsuccessful appeal which is reported in State v. Wilkerson, 559 S.W.2d 228 (Mo.App.1977).

The issues on appeal are framed in two points: (1) ineffective assistance of counsel during the underlying trial premised on employed counsel's failure to file a motion to quash the jury panel on the ground that it was constitutionally infirm in that it was not representative of a fair cross section of the community by reason of a systematic exclusion of women occasioned by the jury selection process in Jackson County; and (2) trial before a petit jury selected from a constitutionally infirm jury panel violated movant's constitutionally guaranteed right of trial by jury under the Sixth and Fourteenth Amendments to the Constitution of the United States.

Evidence adduced at the Rule 27.26 hearing, insofar as touching the issues on appeal, is, at best, sparse. What little evidence there is may be fairly paraphrased as follows: employed counsel who represented movant at the underlying trial did not file a motion to quash the jury panel; employed counsel did not know when he first became aware that the "jury selection process" in Jackson County was going to be put to "a genuine and severe challenge"; employed counsel on some indeterminate occasions following July 21, 1976, filed some motions to quash jury panels; and employed counsel didn't file a motion to quash the jury panel predicated on the "Duren issue" at the time "insomuch as Duren was not decided at that time."

The underlying trial occurred in the wake of Taylor v. Louisiana, 419 U.S. 522, 95 S.Ct. 692, 42 L.Ed.2d 690 (1975), but before State v. Duren, 556 S.W.2d 11 (Mo. banc 1977), cert. granted 435 U.S. 1006, 98 S.Ct. 1875, 56 L.Ed.2d 387 (1978), rev'd Duren v. Missouri, 439 U.S. 357, 99 S.Ct. 664, 58 L.Ed.2d 579 (1979).

By reason of the time frame, the tenor of the facts reflected by the sparse evidence adduced at the Rule 27.26 hearing, and the legal questions presented, points (1) and (2) fall within the rationale of and are controlled by Benson v. State, 611 S.W.2d 538 handed down December 30, 1980, by the Missouri Court of Appeals, Western District. A protracted discussion of Benson is unnecessary, as the opinion speaks for itself and clearly reveals that it constitutes authority for holding that movant's points on appeal in the instant case are meritless.

Judgment affirmed.

All concur.