STATE of Missouri, Respondent,

v.

J.L. McCON, Appellant.

No. WD 32359.

Missouri Court of Appeals,
Western District.

Nov. 16, 1982.

Motion for Rehearing and/or Transfer to
Supreme Court Overruled and Denied
Jan. 4, 1983.

Application to Transfer Denied
Feb. 23, 1983.

Carl W. Bussey, Kansas City, for appellant.

John Ashcroft, Atty. Gen., Jefferson City and Philip M. Koppe, Asst. Atty. Gen., Kansas City, for respondent.

Before KENNEDY, P.J., and WASSERSTROM and LOWENSTEIN, JJ.

KENNEDY, Presiding Judge.

Appellant was convicted upon jury trial of the offense of knowingly burning a car belonging to Pauline Watkins, a Class D felony, § 569.055, RSMo 1978. He was sentenced to a year's imprisonment in the Jackson County jail. He appeals to this court, alleging a variety of errors in the trial of the case. We find that the trial was without prejudicial error, and we affirm the judgment of conviction.

The facts are as follows:

Pauline Watkins, shortly before 6 o'clock a.m. on June 13, 1980, saw the appellant and another man sitting in a blue car in the street in front of her house, immediately adjacent to her own car, which was parked on the street. The car occupied by appellant and the other man sat there for two or three minutes with its motor running, then took off "quite fast" down the street. As it turned the corner a gun was fired from the automobile. She then observed that her own car was on fire.

Miss Pam Flye was living with Mrs. Watkins, having recently moved in with her. She, too, was an eyewitness to the events described in the preceding paragraph and her description of them was essentially the same as Mrs. Watkins'. Miss Flye had formerly lived with the appellant. She identified the other man in the car as Donald Turner. Other testimony identified Turner as having lived with the appellant and Miss Flye.

Mrs. Watkins shortly after 5 o'clock that morning had rolled down the windows of her car on the driver's side. At that time she did not see anything in her car that she did not recognize and she testified that her car was kept clean.

There was evidence that the fire was of incendiary origin. Captain White of the Missouri Fire Department testified that it was begun by an unknown accelerant. A piece of burned paper was found on the driver's side of the front seat of the burned car and the rear seat had been slashed.

On the evening before the fire, from 7:30 o'clock to midnight the defendant had re-peatedly telephoned Miss Flye at the Watkins residence, cursing her and threatening her. After midnight the phone continued to ring, but the caller would remain silent when the phone was answered. The phone was finally taken off the hook at about 5:30 or 6:00 in the morning.

The defendant in his own defense denied that he was in the area of the Watkins home on the morning of June 13, but said that he was sleeping at a residence into which he had moved. The address was that of the residence of one Lynnette Humes. Appellant said he had been busy moving in on the previous evening.

## I

Appellant complains of undue and prejudicial restriction of his examination of the owner of the burned car, Mrs. Watkins. During his cross-examination, he asked Mrs. Watkins whether she had been making her payments on her car loan. The prosecutor's objection was sustained. The defendant says that the testimony attempted to be elicited was relevant to show ownership, and to show whether Mrs. Watkins was in danger of having her car repossessed and that she had a financial motive for having her car burned.

The defendant did not undertake to show the court that he had any substantial basis for such an inquiry. A party is not allowed to inject suspicion, innuendo and insinuation under the guise of cross-examination. He must show as a foundation for his questions that he has some solidly based belief that the questions will elicit answers, if truthful, which will support the defendant's thesis. *State v. Williams*, 575 S.W.2d 838, 840 (Mo.App.1978); *State v. Woods*, 508 S.W.2d 297, 301 (Mo.App.1974).

## II

Appellant's second point is that the trial court erred in allowing into evidence testimony of municipal ordinance violations by defendant and convictions of ordinance violations. This relates to testimony of the defendant's having threatened Miss Flye, of

his having destroyed some of her clothes, and of his destroying Miss Flye's typewriter. He was apparently convicted upon a plea of guilty of destroying her clothes, or of disturbing her peace. It is not clear whether these were two or more separate incidents, or one, nor is it clear whether there was one trial or more than one.

Appellant claims this evidence was inadmissible, citing cases such as *State v. Diamond,* 532 S.W.2d 873, 876 (Mo.App.1976), which holds that evidence of the commission of other crimes is not admissible to prove his guilt of the instant charge; and cases which hold that evidence of convictions of violation of municipal ordinances is not admissible for the purpose of impeaching a witness. *Commerford v. Kreitler,* 462 S.W.2d 726, 733 (Mo.1971); *Cole v. Bumiller,* 549 S.W.2d 95, 97 (Mo.App.1976).

■ The evidence of these particular ordinance violations, however, and of his guilty plea were admissible to show the defendant's motive, intent and state of mind in burning the car of the person who, it may be inferred from the testimony, had given Miss Flye asylum. *State v. Williams,* 584 S.W.2d 134, 135 (Mo.App.1979).

### III

■ Defendant next says that the evidence was insufficient to support the verdict, but our recital of the facts shown in evidence shows plainly that the evidence of defendant's guilt was entirely sufficient to support the verdict.

### IV

■ Appellant's next point is that the trial court exhibited an attitude of partiality toward the prosecution, resulting in manifest injustice. Defendant asks relief under the plain error rule, Supreme Court Rule 29.12(b), since no objection was made at the time. Appellant points to three incidents to make his point. The first such incident, or series of incidents, is that the trial court sustained all of the state's objections to evidence and overruled all of defendant's objections to evidence except two. That

states no ground for appellate relief. Neither side of a lawsuit has a quota of favorable rulings.

The second incident said to demonstrate the trial court's bias in the state's favor was his sustention of the state's objection to a statement made by appellant's attorney in his closing argument that Detective Spellman had been in violation of police department rules by accompanying Miss Flye to court. This referred to Detective Spellman's testimony that he had accompanied Miss Flye to municipal court on three or four occasions in her ongoing complaints against the defendant. There was no evidence, however, that his accompanying Miss Flye to court on these occasions was in violation of police department rules, and the defense attorney's statement to that effect was unsupported by the evidence. The trial court correctly sustained the state's objection thereto.

The third incident was the court's questioning the defendant whether he had or had not pleaded guilty in the municipal court to the charge of destroying Miss Flye's property. The defendant had given some waffling, evasive answers to questions by the prosecutor, and the court intervened to insist upon a direct and unequivocal answer. The court had no better luck than the prosecutor in this respect. Granted it is always a dangerous practice for a trial judge to question a defendant, and especially to elicit damaging testimony (which he did not, in this case), yet the court may question any witness, including an accused when he takes the stand, to more fully develop the truth or clarify some matter. *State v. Cain,* 485 S.W.2d 60, 62 (Mo.1972); *State v. Warren,* 579 S.W.2d 723, 728 (Mo. App.1979); *State v. Tash,* 528 S.W.2d 775, 782 (Mo.App.1975). We cannot say that the court's intervention showed any bias or hostility against the defendant or that it prejudiced him.

### V

Appellant's next complaint is of the prosecutor's reference, in her jury argument, to the absence of Donald Turner, who had

been identified by Miss Flye as the person with the defendant when the car was burned, and of her reference to the absence of Lynnette Humes. It may be inferred from the evidence that Lynnette Humes was the appellant's girlfriend, in whose house defendant was sleeping, according to his testimony, at the time the fire took place.

■ Defendant claims that the two witnesses were equally available to the state, and the prosecutor improperly drew an adverse inference from their absence as witnesses in the trial. He did not preserve an objection in his motion for new trial but claims here that this was plain error and that he is entitled to relief under Rule 29.12(b). The evidence shows both Donald Turner and Lynnette Humes to have been close friends and associates of the defendant who could be expected to corroborate defendant's testimony if true. Even had the defendant properly preserved the point for review, we cannot say that the court's ruling was error. *State v. Karnes*, 608 S.W.2d 455, 457 (Mo.App.1980); *State v. Wilkerson*, 559 S.W.2d 228, 229 (Mo.App. 1977). Much less can it be said to have been plain error requiring appellate relief. *State v. Moore*, 575 S.W.2d 253, 256 (Mo. App.1978).

### VI

■ Appellant next complains that the jury was not instructed that a fine was a permissible punishment for the offense. He points out that § 560.011, RSMo 1978, authorizes a fine as punishment for a Class D felony, and points out that § 557.036.2, RSMo (Supp.1982),·requires that the court shall instruct the jury as to the range of punishment authorized by statute and upon a finding of guilt to assess and declare the punishment.

Defendant's point has been settled adversely to his contention. *State v. Van Horn*, 625 S.W.2d 874, 877 (Mo.1981); *State v. Vance*, 633 S.W.2d 442, 444 (Mo.App. 1982); *State v. Slater*, 633 S.W.2d 439, 440–41 (Mo.App.1982).

### VII

■ Finally, defendant contends he is entitled to a new trial because of the trial court's refusal of his challenge for cause to venirewoman Partney, the wife of a Kansas City fireman. We have examined the voir dire testimony of Mrs. Partney and find that there was no indication that Mrs. Partney would be unable to try the issues fairly without any prejudice against the defendant. The court was well within his discretion in denying defendant's challenge for cause. *State v. Boyd*, 643 S.W.2d 825 at 829 (Mo.App.1982).

The judgment is affirmed.

All concur.