**STATE of Missouri,
Plaintiff-Respondent,**

v.

**Rose Marie LEVERING,
Defendant-Appellant.**

**No. WD 33215.**

Missouri Court of Appeals,
Western District.

Sept. 6, 1983.

Motion for Rehearing and/or Transfer to
Supreme Court Overruled and
Denied Nov. 15, 1983.

Application to Transfer Denied
Jan. 17, 1984.

Robert A. Cox, Leslie Edwards, St. Louis, for defendant-appellant.

Suzanne Lohman, Fulton, for plaintiff-respondent.

Before TURNAGE, P.J., and PRITCHARD and KENNEDY, JJ.

TURNAGE, Presiding Judge.

Rose Marie Levering was found guilty by a jury of trespass in the first degree, Section 569.140, RSMo 1978,[1] and the jury assessed punishment of 45 days in the county jail. The court assessed punishment in accordance with the jury's verdict.

On this appeal, Levering contends the court erred in failing to instruct the jury that it could assess a fine and in failing to submit to the jury the defense of justification.

On March 28, 1981, Levering, together with a number of other people, crossed barricades which had been placed on the property line of Union Electric Company in Callaway County. The land owned by Union Electric at that location was the site of a nuclear power station being constructed pursuant to a certificate of convenience and necessity issued by the Public Service Commission of Missouri. The issuance of the certificate was affirmed in *State ex rel. Consumers Council v. Public Service Commission*, 562 S.W.2d 688 (Mo.App.1978). Levering's purpose and that of the others in trespassing on the property of Union Electric Company at the nuclear plant construction site was to make known their protest of the use of nuclear power.

---

1. All sectional references are to Missouri's Revised Statutes, 1978.

Levering first contends that the court erred in failing to instruct the jury that it could assess a fine as part of the punishment. The court instructed the jury by use of MAI–CR2d 23.40 and 2.60, neither of which advised the jury that it could assess a fine as punishment. There is no dispute that at the time of the trial the instructions given were those mandated by MAI.

The question of whether or not the jury should be advised that a fine could be assessed as punishment was addressed in *State v. Moland,* 626 S.W.2d 368, 371[6] (Mo.1982). There, the court stated "[t]he court, not the jury, has authority to impose a fine in lieu of or in addition to a term of punishment." The court in *Moland* found that no prejudice resulted from the failure of the instruction to advise the jury that a fine could be assessed as part of the punishment. The same result was reached in *State v. Van Horn,* 625 S.W.2d 874 (Mo. 1981), and in *State v. Koetting,* 616 S.W.2d 822 (Mo. banc 1981). See also *State v. McCon,* 645 S.W.2d 67 (Mo.App.1982), *State v. Green,* 641 S.W.2d 770 (Mo.App.1982), and *State v. Shephard,* 639 S.W.2d 258 (Mo. App.1982).[2]

■ Under the law effective on the date of Levering's trial, MAI–CR2d did not provide for an instruction to the jury advising it that it could set a fine as punishment. *Van Horn, Moland,* and *Koetting* found no prejudice in this omission. Thus, the trial court cannot be found in error for following the instructions required at the time this case was tried.

Levering contends in her second claim on appeal that the trial court erred in failing to submit to the jury the defense of justification as provided in Section 563.026. That section provides in part that conduct which would otherwise constitute a crime, except a Class A Felony or murder, is justifiable

and not criminal when it is necessary as an emergency measure to avoid an imminent public or private injury. In *City of St. Louis v. Klocker,* 637 S.W.2d 174, 176–77 (Mo.App.1982) the court held that the defense of justification provided by Section 563.026 is not available when the activity which is the object of criminal conduct is legally protected. The court stated that the activity toward which the criminal conduct is directed must constitute a danger of imminent public or private harm before justification is triggered as a possible defense. The court then reasoned that a legally protected activity causes no such public or private harm because it does not result in an actionable invasion of rights. Therefore, a legally protected activity may not be the object toward which criminal activity may justifiably be directed.

■ In the case at hand, the construction of the nuclear generating plant was legally protected by virtue of its being issued the proper certificate of convenience and necessity. The State of Missouri enables the Public Service Commission to determine whether or not a generating plant may be constructed which will utilize nuclear energy. Once the state authorizes the construction, Federal law regulates how the plant is to be constructed to protect the public. *Consumers Council,* at 698. Thus, there was no basis upon which it could be shown that the plant constituted a danger of public or private injury. The action of Levering and the others in entering the property of Union Electric Company was an attempt to halt the legally permissible construction of a facility which posed no danger of imminent public or private harm. Therefore, under *Klocker,* the defense of justification within the meaning of Section 563.026 was not available to the protesters.[3]

2. On June 1, 1983, the Supreme Court withdrew MAI–CR2d 2.60 and recast MAI–CR2d 2:04 to advise the jury that it may assess as part of the punishment a fine in an amount to be fixed by the court. While MAI–CR2d 2:04 became effective immediately on June 1, it did not alter the law retrospectively.

3. This court notes that concerns about nuclear energy and public safety were addressed to the Commission during hearings on the application for a certificate. In addition concerns may be directed to Federal officials about safety standards. Thus, those with definite convictions about nuclear energy have the opportunity to attempt to bring about a change in safety stan-

The trial court correctly sustained the state's motion in limine. Section 563.026(2) grants to the court the power to determine as a matter of law if the facts and circumstances offered would constitute the defense of justification. For the reasons stated above, the defense of justification did not exist under the facts shown, and the court correctly excluded such evidence.

The judgment is affirmed.

All concur.

dards through legally protected channels. While the First Amendment protects the right of such protesters to voice objections, it does

not sanction the illegal obstructive conduct in issue.