STATE of Missouri, Respondent,

v.

Willie WEBB, Appellant.

No. 51399.

Missouri Court of Appeals,
Eastern District,
Division Two.

March 10, 1987.

Susan D. Boresi, Asst. Public Defender, St. Louis, for appellant.

William L. Webster, Atty. Gen., Kurt A. Hentz, Asst. Atty. Gen., Jefferson City, for respondent.

DOWD, Judge.

Defendant appeals from the judgment of the trial court, entered on a jury verdict, convicting him of assault in the second degree and armed criminal action. We affirm.

The relevant facts viewed in a light most favorable to the verdict are as follows. On May 4, 1985 at approximately 3:00 a.m., a woman and her roommate were walking from a nightspot at Laclede's Landing to their parked automobile. A young man on a bicycle approached them and asked for a cigarette. They responded "no" and continued to walk towards their car. As the woman opened the car door, the young man who had approached them previously, ripped a gold chain from the woman's neck and fled.

A man driving through the parking lot at the time witnessed the woman struggling with the assailant. After stopping to ask the woman what had occurred, the witness pursued the assailant by car and then on foot. When he eventually caught up with the assailant, the witness was wrestled to the ground and stabbed several times in the side and hand. As a result of his injuries, the witness was operated on and was hospitalized for two and one-half days.

Both victims identified defendant from a photo array and both positively identified defendant in a police line-up. Defendant was charged with robbery second degree, assault first degree, and armed criminal action. He was found guilty of assault second degree and armed criminal action but was acquitted of the charge of robbery second degree.

In his first point on appeal, defendant contends the trial court erred in sustaining the state's motion to strike a venireperson for cause who indicated she could not consider a life sentence for the offense of assault in the first degree. Defendant contends the venireperson's responses were not sufficient to disqualify her as a juror and that the prosecutor improperly attempted to make the potential juror commit on the issue of assessment of punishment before trial.

A trial court's ruling determining the qualifications of a prospective juror should not be disturbed on appeal unless the record shows a clear and manifest abuse of that discretion. *State v. Stewart*, 692 S.W.2d 295, 298 (Mo. banc 1985). A

potential juror must be freely able to follow the law as declared by the trial court. *State v. Betts*, 646 S.W.2d 94, 98–99 (Mo. banc 1983). In this regard, the prosecution can demand that a potential juror be willing to consider all the penalties provided by state law. *State v. Daugherty*, 631 S.W.2d 637, 644 (Mo.1982); *State v. Mitchell*, 611 S.W.2d 223, 229 (Mo. banc 1981).

■ Defendant was charged with the offense of assault in the first degree. Assault in the first degree is a class A felony where the actor inflicts serious physical injury on the victim. § 565.050.2, RSMo 1986. The range of punishment for class A felonies includes life imprisonment. § 558.011.1(1), RSMo 1986.

The potential juror clearly stated she could not consider a sentence of life imprisonment for the crimes charged. We find no abuse of discretion by the trial court in sustaining the state's motion to strike the venireperson for cause. Point denied.

In his second point on appeal, defendant contends the trial court erred in allowing the state to submit Instruction No. 8, the instruction for assault in the second degree, as it was not supported by the evidence. Defendant has failed to set forth in full, in the argument portion of his brief, the instruction for which he assigns error as required by Rule 30.06(e). Our review of this issue is therefore limited to plain error that results in manifest injustice. Rule 29.12(b); *State v. Holt*, 660 S.W.2d 735, 738 (Mo.App.1983).

■ Defendant contends the instruction for assault second degree, MAI–CR2d No. 19.04.2, was not supported by the evidence as it required a finding of "attempt" to cause physical injury. The state submitted paragraph two of MAI–CR2d No. 19.04.2 which requires a finding that defendant "attempted to cause physical injury." Defendant contends the evidence supported a finding of an accomplished act, not an "attempt."

We have previously addressed this exact issue in *State v. Manning*, 664 S.W.2d 605, 609 (Mo.App.1984). There we held paragraph two of MAI–CR2d No. 19.04.2 does not submit an inchoate offense but rather requires the jury to find the mental state that defendant acted "purposely." It is not error to give the instruction where physical injury is actually inflicted. Point denied.

In his third point on appeal, defendant contends the trial court abused its discretion by allowing the state to comment on defendant's failure to call a witness. Defendant contends the witness was equally available to both parties.

A trial court has broad discretion in controlling closing argument and appellate courts will reverse for such error only if the trial court clearly abuses its discretion. *State v. McDonald*, 661 S.W.2d 497, 506 (Mo. banc 1983), *cert. denied*, 471 U.S. 1009, 105 S.Ct. 1875, 85 L.Ed.2d 168 (1985).

■ The arguing of an adverse inference from failure of a party to call a witness is not permitted where the witness is equally available to both parties. *State v. Griffith*, 697 S.W.2d 258, 260 (Mo.App.1985). A potential witness, however, is not equally available where the relationship is such that there is a natural expectation that the witness would testify favorably to defendant. *State v. Karnes*, 608 S.W.2d 455, 457 (Mo.App.1980). The prosecution, therefore, may comment on the defendant's failure to produce a witness who would be reasonably expected to give testimony in the defendant's favor. *State v. Moore*, 620 S.W.2d 370, 373 (Mo. banc 1981).

■ Defendant testified that the witness was a friend, that he was in the witness' company on the night in question, and that he knew where the witness could be found. We find no abuse of the trial court's discretion in allowing the prosecution to comment on defendant's failure to produce the witness as we conclude the witness was not equally available to both parties.

Finally, appellant contends the trial court erred in allowing the state, in closing argument, to comment on evidence which had been excluded at trial.

■ On cross-examination, defendant stated he had never borrowed a ten-speed bicycle. The prosecution asked defendant

how he knew the assailant had ridden a ten-speed bicycle. Defendant responded that he had learned of the fact from reading the police reports. The prosecuting attorney then asked if there were any other details defendant could supply. At this time, defendant's attorney objected to the free-form of the question. The trial court sustained that objection. In closing argument, the prosecuting attorney commented as to what other interesting details defendant could have supplied before his attorney stopped him. Defendant's attorney then objected on grounds that the state was personalizing to the jury. The trial court overruled this objection. On appeal, and in his motion for new trial, defendant has enlarged the scope of his trial objection to improper rebuttal as commenting on evidence excluded at trial.

The assignment of error in a motion for new trial and in the points relied upon submitted to this court must be based on objections made and reasons assigned at the time the alleged error occurs. *State v. Brookshire,* 353 S.W.2d 681, 688 (Mo.1962), *cert. denied,* 371 U.S. 67, 83 S.Ct. 155, 9 L.Ed.2d 119 (1962). "Defendant may not broaden his trial objections on appeal." *State v. Brown,* 604 S.W.2d 10, 13 (Mo. App.1980). This issue has not been properly preserved and our review is therefore limited to the plain error standard. Rule 29.12(b).

■ Alleged errors on closing argument do not ordinarily justify relief under the plain error standard "unless they are determined to have a decisive effect on the jury." *State v. Murphy,* 592 S.W.2d 727, 732 (Mo. banc 1979). "[T]he strength of the state's case is a prime factor in determining whether the error resulted in manifest injustice or a miscarriage of justice." *State v. Gilmore,* 681 S.W.2d 934, 943 (Mo. banc 1984).

Here both victims positively identified defendant in a police line-up. We do not find the prosecuting attorney's comment in closing argument had a decisive effect on the jury. Point denied.

The judgment of the trial court is affirmed.

SMITH, P.J., and REINHARD, J., concur.