**STATE of Missouri, Respondent,**

v.

**Dirth WILLIAMS, Appellant.**

No. 42371.

Missouri Court of Appeals,
Eastern District,
Division No. 4.

April 28, 1981.

Motion for Rehearing and/or Transfer to
Supreme Court Denied June 12, 1981.

Application to Transfer Denied
Sept. 8, 1981.

Robert C. Babione, Public Defender, Nick A. Zotos, Asst. Public Defender, St. Louis, for appellant.

John Ashcroft, Atty. Gen., Paul R. Otto, Asst. Atty. Gen., Jefferson City, George A. Peach, Cir. Atty., St. Louis, for respondent.

SMITH, Judge.

Defendant appeals from his conviction of robbery in the first degree, rape, sodomy, and kidnapping with resultant sentences respectively of 23 years, 15 years, 5 years, and 15 years. All sentences were made to run concurrently except the five year sentence, which was made consecutive. We affirm.

The evidence supported a finding that the defendant and two compatriots grabbed the victim on a public street, abducted her in a vehicle, took her to a residence, raped her six times, sodomized her once, and with force and the threatened use of a dangerous instrumentality robbed her of her credit cards and fifty cents. The defense was that the victim willingly went with defendant, consented to intercourse, and left her credit cards accidentally when she left. Defendant makes no attack on the sufficiency of the evidence; he instead raises three claimed trial errors.

The first deals with a minimally responsive answer of a police officer to a question on cross-examination by defend-

ant's counsel of when defendant requested a lawyer. The answer began "He was under charges on another offense and . . . ." At that point the witness was interrupted by defendant's objection and request for mistrial. The court sustained the objection, ordered the jury to disregard the statement, affirmatively stated "there were no other charges against the defendant," and denied the mistrial. We are unable to conclude that the answer was an intentional effort by the police officer to interject the other charges into the case. The statement may well have been the beginning of an explanation of the circumstances of the request for counsel and an answer to the question of when the request was made. At any rate we do not find the court erred in failing to declare a mistrial. The objection was sustained, the jury was instructed to disregard, and the court's affirmative statement that there were no such charges effectively neutralized the officer's statement. *State v. Harris*, 547 S.W.2d 473 (Mo. banc 1977) [1]; *State v. Brown*, 463 S.W.2d 821 (Mo.1971) [1–3].

■ Defendant also states that the prejudice was exacerbated by an earlier statement by an officer in the sex crimes unit that defendant was "not unfamiliar to our section." That statement was made on cross-examination while defendant's counsel was attempting to discredit the officer's identification of defendant. The question was, "Are you telling us that you have an independent recollection of what Mr. Williams—who he is?" The answer was totally responsive to the question and the question and answer establish nothing more than the wisdom of the teaching that counsel should not ask a question he does not know the answer to. We find no error in the court's action in denying a mistrial.

■ Defendant next contends that the trial court erred in allowing the prosecutor to argue that an adverse inference could be drawn from the failure of the defense to call two witnesses present at the house where the victim was taken and raped. It is claimed that the witnesses were equally available to the state. The witnesses were the brother and mother of defendant's close friend and co-participant in the charged crimes. They were not equally available as the witnesses bore such a relationship to defendant and to his co-participant that they would be expected to testify more favorably for defendant than for the state, particularly as to the voluntariness of the sexual activity. *State v. Collins*, 350 Mo. 291, 165 S.W.2d 647 (Mo.1942) [2]; *State v. Johnson*, 529 S.W.2d 166 (Mo.App.1975) [1]; *State v. Ganaway*, 556 S.W.2d 67 (Mo.App. 1977) [3]; *State v. Floyd*, 598 S.W.2d 517 (Mo.App.1980) [3, 4]. We find no error.

■ Defendant's final point concerns the racial composition of the jury. The matter is raised for the first time on appeal and the record is devoid of any evidence establishing systematic exclusion of blacks in the jury selection process as defined by the case law. *Duren v. Missouri*, 439 U.S. 357, 99 S.Ct. 664, 58 L.Ed.2d 579 (1979) l.c. 364, 99 S.Ct. at 668; *State v. Carter*, 572 S.W.2d 430 (Mo. banc 1978) [1–4]; *State v. Aikens*, 507 S.W.2d 386 (Mo.1974) [2–5]. The point is without merit.

Judgment affirmed.

SATZ, P. J., and SIMON, J., concur.