**STATE of Missouri, Respondent,**

v.

**Craig FARRELL, Appellant.**

No. 47951.

Missouri Court of Appeals,
Eastern District,
Division Three.

Oct. 30, 1984.

Motion for Rehearing and/or Transfer to
Supreme Court Denied Dec. 18, 1984.

Application to Transfer Denied
Jan. 15, 1985.

---

Henry B. Robertson, Public Defender, St. Louis, for appellant.

John Munson Morris, Jefferson City, for respondent.

REINHARD, Chief Judge.

Defendant was convicted of assault in the first degree, a violation of Section 565.-050, RSMo.1978 and sentenced to a term of ten years imprisonment. He appeals. We affirm.

On January 21, 1983, defendant, his brother, Darrell Farrell, and Andre Fowler were waiting for a Bi-State bus on Page Avenue in the City of St. Louis. As a bus driven by James Nathan approached the trio, one of them stepped out into the street in front of the bus. The bus stopped and after the three boarded, the driver told one of them that it was dangerous to do that because the brakes could fail. Defendant responded by cursing the driver and stating he could stand where he wanted. The driver did not see defendant deposit his fare and followed defendant to the rear of the bus where he stated he would have to call the police. Defendant told him to go ahead and stated if "you don't go on and drive the bus this is what's going to be for you." At that point, defendant revealed a knife in his hand. The driver returned to the front of the bus and continued driving. The driver and the three men engaged in a continuing argument. Near Vandeventer and Finney, the three came up to the front of the bus and the argument continued. The driver headed towards the Fox theatre where he knew police would be on duty. At the intersection of Enright and Delmar, the driver stopped the bus at a red light. At that point, Andre Fowler struck the driver with his fist and defendant stabbed him with the knife in the face and neck several times. All three then left the bus.

Defendant was apprehended a short distance away soon after this incident. According to defendant, he had a bus pass and was lawfully on the bus. He testified the driver was armed with a knife, became belligerent and refused to let them off the bus at their destination. The driver initiated a fight by swinging his right hand at Andre Fowler. The driver then came at defendant with a knife, whereupon defendant stabbed him in self-defense. The victim, one of the bus passengers and two police officers testified for the state. Only defendant testified in his behalf.

On appeal, defendant contends that the trial court erred in overruling defendant's objection to that portion of the state's closing argument that sought to draw an adverse inference from defendant's failure to call certain witnesses. During closing argument the assistant prosecuting attorney stated, "His brother's not here. This brother, the brother, Darrell, that was there that night who saw the incident, who was with him." Defendant objected and the court overruled the objection. The assistant prosecuting attorney continued:

> All the witness [sic] are equally important to both sides. Mr. Bell has full and complete access to any witness in this case. And he can bring any witness in that he wants. Why isn't Andre Fowler here? Why isn't Darrell Farrell here? That's not one person here. Defendant elected to tell his story. And now he's asking you to believe that pitiful story on his word alone. Nobody else is coming in.

Defendant contends the state is prohibited from commenting on defendant's failure to call these two witnesses. It is well settled that one party may argue an adverse inference from the failure of the other party to produce a witness who would be reasonably expected to give testimony in his favor. *State v. Moore*, 620 S.W.2d 370, 373 (Mo. banc 1981). That

rule, however, does not allow an adverse inference where the witness is equally available to the state and the defendant. A witness becomes more available to one or another of the parties when the opportunity of the party for knowledge or control over the witness, the relationship or the community of interest between them, or from the prior declarations and statements of the witness, a natural expectation follows that the witness would testify in favor of the one party against the other. *State v. Wilkerson,* 559 S.W.2d 228, 229 (Mo.App. 1977).

Participation or involvement in a crime with the defendant gives rise to a common interest between defendant and the witness. *State v. Floyd,* 598 S.W.2d 517, 520 (Mo.App.1980). In the case at bar, the state's evidence indicated that Andre Fowler and defendant jointly assaulted the victim; Fowler with his fists and defendant with a knife. According to defendant's testimony, the bus driver assaulted Fowler and defendant. Defendant had known Fowler for three years and considered him a good friend. We have concluded that because of their close relationship and the community of interest between them, Fowler could not be considered to be equally available to both parties. The trial court did not err in allowing the state to comment on the defendant's failure to produce Fowler.

The state was also entitled to comment on the failure of the defendant to produce his brother, Darrell. Because of defendant's relationship to Darrell, it could be expected that he would testify more favorably for defendant than for the state, particularly as to who was the aggressor in this confrontation. *State v. Williams,* 625 S.W.2d 148, 149 (Mo.App.1981); *See State v. Ivory,* 609 S.W.2d 217, 221 (Mo.App. 1980).

Affirmed.

CRANDALL and KAROHL, JJ., concur.