**STATE of Missouri, Respondent,**

v.

**Warnell REID, Appellant.**

No. 50858.

Missouri Court of Appeals, Eastern District, Division Two.

June 30, 1986.

———

Andrew G. Hernandez, St. Louis, for appellant.

George A. Peach, Cir. Atty., Robert J. Craddick, Stephen A. Moore, Asst. Cir. Attys., St. Louis, for respondent.

CRIST, Judge.

Defendant appeals from a jury conviction of property damage in the third degree. The trial court sentenced defendant to six months in the St. Louis Medium Security Institution and fined him $25. On appeal, defendant asserts the trial court abused its discretion in failing to grant a mistrial following allegedly improper closing argument by the prosecutor. We affirm.

Two police officers responding to a call observed defendant, William Sherrell, and Bryant Lewis spray painting a car at the rear of a residence. When the three saw the police car, they ran from the scene. One officer chased and caught defendant, and another chased and caught Sherrell. Lewis escaped.

Defendant was charged by information with property damage in the third degree. On the morning of September 30, 1985, defendant's trial began. Defendant was present and represented by counsel. Following jury selection, the trial court declared a luncheon recess. When the court reconvened, defendant did not appear. After opening statements, the trial court declared a recess until the following morning at 9:30 a.m. because of defendant's absence. The following morning defendant still did not appear, and defendant was tried *in abstentia* pursuant to Sec. 546.030, RSMo (1978).

In his sole point on appeal, defendant asserts the trial court erred in overruling his motion for a mistrial during the prosecutor's closing argument. During closing argument, the prosecutor stated, "William Sherrell is not here to tell his story." Defendant maintains the prosecutor implied Sherrell's failure to testify indicated defendant's guilt, and further maintains the prosecutor was responsible for Sherrell's absence.

The trial court has considerable discretion in its control of closing arguments. *State v. Moore*, 620 S.W.2d 370, 373 (Mo. banc 1981). The trial court's overruling of an objection to closing argument will be disturbed only where the argument is plainly unwarranted. *Id.* Such is not the case here. The prosecutor may comment to the jury on the failure of defendant to call a witness who would be expected to testify favorably to defendant. *State v. Moore*, 620 S.W.2d at 373; *State v. Wilkerson*, 559 S.W.2d 228, 229 (Mo.App.1977). The State's evidence clearly showed defendant, Lewis and Sherrell were friends, and that they acted together in painting the car. Defendant and Sherrell arrived together at the scene of the crime. This evidence indicates a community of interest between defendant and Sherrell, such that Sherrell would reasonably be expected to give favorable testimony on defendant's behalf. *See State v. Farrell*, 682 S.W.2d 118, 120 (Mo.App.1984); *c.f. State v. Sparks*, 701 S.W.2d 731, 735 (Mo.App.1986) (where defendant's brother, a participant in the crime and an *endorsed state's witness*, was found to be equally available to the state). We cannot say the trial court abused its discretion in overruling defendant's objections to the prosecutor's argument.

Defendant also asserts the prosecutor was responsible for Sherrell's failure to testify. We find no evidence in the record to support this contention.

The judgment is affirmed.

DOWD, P.J., and REINHARD, J., concur.