**STATE of Missouri, Respondent,**

v.

**Richard E. GIBSON, Appellant.**

No. 51822.

Missouri Court of Appeals,
Eastern District,
Division Three.

John F. Newsham, Asst. Public Defender, Office of the Public Defender, Clayton, for appellant.

William L. Webster, Atty. Gen., Carrie Francke, Sp. Asst. Atty. Gen., Jefferson City, for respondent.

KAROHL, Judge.

This is a direct appeal from a jury conviction and three year sentence for Class "C" felony of stealing a motor vehicle in violation of Section 570.030 RSMo.1978. Defendant was tried as a prior offender.

The indictment alleged that defendant appropriated a 1985 Lincoln Town car belonging to Budget Rent-A Car at Lambert St. Louis International Airport between 7:03 a.m. on Thursday, September 5, 1985 and 5:12 a.m. on Friday, September 6, 1985. At 1:15 a.m. on September 6, 1985 Trooper A.V. Riehl stopped defendant based on a radar check for speeding. Defendant presented an expired driver's license. Defendant was driving the car described in the indictment. A rental car decal was affixed to the rear window. Defendant could not produce documents indicating his rental of the automobile. The officer arrested defendant for driving with an expired driver's license and investigation of auto theft. He conveyed defendant to the Cape Girardeau County Jail. After Miranda warnings defendant made a statement that "he had subleased the car from a man in East St. Louis" whom he refused to identify. He was booked for investigation of auto theft, speeding and expired driver's license.

During the work day of September 6, 1985 Trooper Riehl learned that the vehicle was stolen. He so informed defendant and formally charged defendant with stealing an automobile. Trooper Riehl again 'Mirandized' defendant. Thereafter, defendant

told the officer "he rented from a stranger at the Princess Motel in East St. Louis." Defendant said he was going to Alabama. The first statement took place at 1:15 a.m., the second at 5:30 p.m. on September 6, 1985. Both statements were verbal. On cross-examination counsel for defendant developed testimony that on October 12, 1985, Trooper Riehl learned from Cape Girardeau County Deputy Sheriff Tom Vilmer that defendant wanted to make a further statement. Trooper Riehl did not conduct a further interview, but learned that defendant had given a written statement to Deputy Vilmer. Deputy Vilmer was not called as a witness by the state. The state's evidence consisted only of the testimony of Trooper Riehl and employees of Budget Rent–A–Car.

Defendant testified in his own defense. He testified that on the evening of September 5, 1984 [sic 1985] a friend, Demond Peco Beard came to his home in East St. Louis. Beard told him that he rented the car from the St. Louis Airport and was willing to rent the car to defendant. Beard offered the presence of keys as evidence that the car was not stolen. Defendant paid him $75 for the use of the car for three days. Defendant intended to drive to Cape Girardeau to visit a girl friend. Defendant testified that everything Trooper Riehl had said was true, including defendant's verbal statements. On direct examination defendant was asked about a subsequent statement made on October 12, 1985 to Deputy Vilmer. In that statement he first disclosed the name of Demond Peco Beard. During the one month of custody he determined that his friend Demond Beard, was important to confirm his innocence. On cross-examination defendant identified Beard as a pretty good friend whom he had known for twenty-four years.

On cross-examination defendant was asked about a written statement made by him on September 6, 1985. Defendant objected on the ground that the statement was not produced before trial in response to defendant's discovery motion which included a request for all statements made by defendant. The prosecuting attorney responded that he had received the statement after the trial began and twenty minutes before the question was asked. The prosecutor promptly supplied defendant's counsel with a copy. The court ruled that upon representation by the state that "they" didn't know of the existence of the statement made on the 6th of September, 1985 to Deputy Vilmer, "until a few minutes before they made the discovery" available to defendant, the objection would be overruled. The interrogation relative to the statement to "someone on September 6th" developed defendant's answers indicating he did not know for sure from whom he got the car, that it was "some white man, some 40's-looking white man." Defendant acknowledged that statement was untrue. Defendant also acknowledged that during the second interview with Trooper Riehl on September 6, 1985 he repeated that statement. On recross-examination defendant explained that he made a statement on October 12, 1985 to Deputy Vilmer "[b]ecause I had sat in jail long enough and waited for Demond to make amends for the crime he had committed toward me and toward the community out there in Clayton, and he would not come forward, so I went ahead and told the officer how I got into this crime." The entire evidence for the defense consisted of defendant's testimony.

Two issues preserved in defendant's motion for new trial are relevant to the two claims of error presented in the appeal. First, defendant requested a new trial for error in failing to "to sustain defendant's objection to the introduction or the examination of Richard Gibson concerning statements made in a police report on *October 12, 1985* and in allowing Trooper Riehl to testify as to statements contained in that police report for the reason that the defendant filed a timely motion for discovery and was not provided with discovery by the state as required. The state failed to disclose the statements in question and failed to provide defendant with the police report in question until the trial had begun. The defendant's written statements in that report were an admission against interest and greatly prejudiced defendant and

caused surprise." Second, "[t]he court erred in failing to grant a mistrial when the prosecutor, in his closing argument, commented on the defendant's failure to produce witnesses [Demond Beard and his girl friend] as to defendant's whereabouts during the time of the offense. The prosecutor's statement shifted the burden of proof from the state to the defendant." We consider these two claims of error in reverse order.

During the state's closing argument the prosecuting attorney argued without objection that defendant's friend of twenty-four years who subleased the car did not appear as a witness and the girl friend failed to appear. During rebuttal closing argument the state attempted to argue that if defendant did not steal the car then he had "every opportunity in the world to bring people in here" and support his testimony. The court *sustained* an objection that this argument improperly shifted the burden of proof in the case. The court also honored a request of defendant and orally instructed the jury to disregard the prosecutor's last statement relative to his argument. The court denied a belated and alternative motion for mistrial.

■ For several reasons we reject the claim the court erred in denying a mistrial. First, the trial court has considerable discretion in allowing or rejecting argument of counsel, and its rulings are reversible only for an abuse of discretion where the argument is plainly unwarranted. *State v. Moore*, 620 S.W.2d 370, 373 (Mo. banc 1981), *State v. Clark*, 711 S.W.2d 928, 932 (Mo.App.1986). Moreover, the trial court has broad discretion in determining whether the facts warrant invocation of an unfavorable inference from a defendant's failure to produce a witness. *State v. Webster*, 659 S.W.2d 286, 288 (Mo.App.1983). In the present case the argument to which objection was lodged in rebuttal was before the jury without objection during the state's opening argument. The argument did not present a new and prejudicial matter. There is a second reason why prejudice on these facts is unlikely. Assuming the defendant's trial testimony was truthful it is logical and understandable that defendant's "friend" would be unlikely to appear and admit his own guilt.

■ Second, defendant's objection and the ground alleged in the motion for new trial related to a claim that the argument improperly shifted the burden of proof. The ruling of the trial court and the statement of the trial court to the jury was favorable to defendant. The court sustained the objection and instructed the jury to disregard the argument.

Third, the declaration of a mistrial is a drastic remedy and should be exercised only in extraordinary circumstances. *State v. Hampton*, 653 S.W.2d 191, 194–95 (Mo. banc 1983). We find the ruling of the trial court and the corrective relief was sufficient and a mistrial was unwarranted.

We reject defendant's second claim of error regarding the cross-examination of defendant based on an unproduced statement because it is not supported by the facts and the claim of error is not preserved. During the trial defendant objected to cross-examination based upon a statement defendant made on September 6, 1985. The motion for new trial claimed trial court error for permitting examination relating to a statement of October 12, 1985. The point on appeal before this court returns to questions put to defendant concerning statements made to someone other than Trooper Riehl on September 6, 1985. We review errors of the trial court not matters that could have been, but were not raised for its consideration. The motion for new trial does not mention error in permitting use of an unproduced statement made on September 6, 1985. This claim is reviewable only as a matter of plain error. Even if there was a failure in the discovery process, error alone, not resulting in manifest injustice, does not constitute plain error. *State v. Dudley*, 724 S.W.2d 517, 521 (Mo.App.1986).

■ We find defendant's claim not a matter of plain error justifying a new trial. Defendant was made aware of all his statements during the evidence offered at a pre-trial hearing on his motion to suppress statements. Defendant first mentioned

subsequent statements during his direct examination. The prosecuting attorney by cross-examination sought to interrogate defendant on matters previously raised by the defendant in his direct testimony. Defendant was not prejudiced in view of his own testimony on direct that the statement he made to someone other than Trooper Riehl on September 6, 1985 was not in any material way different than the statements he made to the trooper.

The statement not produced by the state was not made to Trooper Riehl. The "missing" statement was made to "someone" on September 6, 1985. The "missing" written statement was made to Deputy Vilmer on October 12, 1985. Deputy Vilmer was not an endorsed witness. The record does not present any facts from which the trial court or this court could find that the state would have discovered the existence of defendant's "missing" statements if it had requested endorsed witnesses to produce statements. In order to comply with a discovery request under Rule 25.03 counsel for the state may not rest with the knowledge of counsel. In order to comply with discovery requests counsel for both sides have the duty to inquire of their witnesses or of other persons involved to determine whether there is in existing evidence called for by the motion for discovery. The ruling on a trial court objection should be based not on what counsel knew or on a finding of good faith, but on the basis of what counsel may reasonably be expected to discover and disclose. In the present case an inquiry by counsel for the state to endorsed witnesses would not necessarily have uncovered the existence of either the September 6, 1985 oral statement or the October 12, 1985 written statement made to others.

In summary, we reject defendant's claim that the trial court erred in allowing the prosecutor to question defendant concerning statements he made on September 6, 1985 because: (1) this claim of error was not consistent at trial, in the motion for new trial and before this court and as a matter of plain error the rulings of the court did not deny defendant a fair trial; (2) the inquiry was consistent with other evidence before the jury on defendant's direct testimony and not prejudicial to the defendant; and, (3) defendant has not supported the claim of error by facts which would support a finding that the state was obligated to disclose defendant's statements made to unendorsed witnesses where the existence of the statements was known by defendant as the speaker and was otherwise unknown to the prosecuting attorney.

We affirm.

PUDLOWSKI, P.J., and CRANDALL, J., concur.