**STATE of Missouri,**
**Plaintiff–Respondent,**

v.

**Darrell CHUNN, Defendant–Appellant.**

**No. 55331.**

Missouri Court of Appeals,
Eastern District,
Division Two.

Dec. 12, 1989.

Motion for Rehearing and/or Transfer to Supreme Court Denied Jan. 17, 1990.

Application to Transfer Denied
March 13, 1990.

Steven Michael Dioneda, Clayton, for defendant-appellant.

William L. Webster, Atty. Gen., John P. Pollard, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

CRANDALL, Judge.

Defendant, Darrell Chunn, was convicted, after a jury trial, of robbery in the first degree, assault in the first degree and two counts of armed criminal action. He was sentenced to imprisonment for a total of 24 years. We reverse and remand.

On August 27, 1980, three elderly victims, a married couple and their friend, went out for dinner. After dinner they went for ice-cream and then returned to the married couple's home. Unbeknownst to them, robbers stalked them throughout the evening, observing them at the restaurant, following them to the ice-cream parlor and then home. Just after the victims parked the car in the garage, the robbers attacked the two ladies from behind and demanded their jewelry while beating them over the head with baseball bats. They forced one

of the ladies to pry her wedding ring off her swollen finger with her teeth. Also, one of the assailants followed the man into the home, pushed him down and beat him over the head with a metal pipe. All three victims were left bleeding and one of them in shock.

The police investigated the crime but failed to identify any of the assailants. In 1982, one of the victims died. In a bizarre twist of events, defendant contacted the police in September of 1986 and confessed three different times to being one of the assailants. The defendant said he wanted to clear his conscience because he wanted to become a minister.

Defense counsel moved to have the defendant declared mentally incompetent to stand trial and to suppress statements as involuntarily made. Two psychiatrists examined defendant and testified at the competency hearing that defendant suffered from organic brain syndrome secondary to head trauma. Defendant suffered a severe blow to the head in 1985. The doctors agreed that defendant's overall memory and ability to process information were impaired and that defendant exhibited a tendency to confabulate, i.e. fabricate events to fill in what was missing from his impaired memory. The doctors disagreed, however, on defendant's competency to stand trial. The trial court entered an order finding defendant competent to proceed to trial. The court also overruled defendant's motion to suppress his statements.

At trial, an oral, a written, and a videotaped statement of defendant were introduced into evidence by the prosecution. In those statements defendant confessed to the crimes and implicated both his brother and another person as co-participants in the crime. The two victims who were still alive at the time of trial could not identify defendant as one of the assailants, and the State offered no other evidence relating to defendant's guilt.

Defendant testified that he was not involved in the crime and that he confessed only because someone told him to do so. Defendant's mother and caretaker testified that defendant had a strong tendency to follow whatever anyone suggested he should do or say. Defendant's psychiatrist, Dr. Kuhn, also testified to defendant's sensitivity to suggestion and reiterated his testimony from the competency hearing regarding defendant's impaired memory and tendency to confabulate.

In his first point, defendant claims the trial court erred in allowing the State to argue an adverse inference from defendant not calling his brother as a defense witness. The State argued that the witness, as defendant's brother and as an alleged co-participant in the crime, should have been expected to testify favorably for defendant. Defendant's failure to call him, according to the State, therefore gave rise to the inference that his testimony would actually have been unfavorable rather than favorable.

■■■ The trial court has considerable discretion in allowing or rejecting argument of counsel, and its rulings are reversible only for an abuse of discretion where the argument is plainly unwarranted. *State v. Moore*, 620 S.W.2d 370, 373 (Mo. banc 1981); *State v. Gibson*, 735 S.W.2d 756, 759 (Mo.App.1987). Moreover, the trial court has broad discretion in determining whether the facts warrant invocation of an unfavorable inference from a defendant's failure to produce a witness. *State v. Webster*, 659 S.W.2d 286, 288 (Mo.App.1983).

■■ It is impermissible to draw an adverse inference if the missing witness is equally available to both parties. *State v. Hemphill*, 721 S.W.2d 86, 89 (Mo.App. 1986). The relative availability of a witness depends on three factors: (1) the one party's superior ability to know or identify the witness; (2) the nature of the testimony that the witness may be expected to give; and (3) the relationship between the particular party and the witness which indicates that the witness would be more likely to testify more favorably for one party than another.[1] *Webster*, at 289. The extensive

---

1. The application of this test assumes some evidence of the physical availability of the witness.

The record in this case is silent on that issue.

discovery now available makes the first two factors largely obsolete so that relative availability depends mainly on the third factor. *State v. Sparks,* 701 S.W.2d 731, 735 (Mo.App.1985).

■ The argument that the family relationship between siblings automatically gives rise to a judicial inference that a brother would be more likely to testify favorably for his brother is unsound. In *State v. Gilmore,* 661 S.W.2d 519 (Mo. banc 1983), for example, the defendant's brother testified as a State's witness in a murder trial in which the defendant was convicted and sentenced to death. The mere fact that the absent witness and the defendant are brothers does not make the witness more available to the defendant, particularly where they are both potentially criminally liable. *Sparks,* at 735.

In *State v. Farrell,* 682 S.W.2d 118 (Mo. App.1984), the defendant was convicted of assault in the first degree arising out of the stabbing of a bus driver. This court upheld the trial court's ruling which permitted the State to comment, in closing argument, on the failure of the defendant to produce his brother as a witness. The defendant's own evidence in that case put his brother at the scene as an innocent observer of the defendant's purported act of self-defense. Based upon this combination of factors, we held that the sibling relationship supported the inference that the brother would be more likely to testify favorably for the defendant, "particularly as to who was the aggressor in this confrontation." *Farrell,* at 120.

*Farrell* is clearly distinguishable from the present case. Here, the State's evidence, by reason of defendant's confessions, implicated his brother as a co-participant in the crime. The brother had been charged with the crimes but the State had filed a memo of nolle prosequi prior to defendant's trial. Thus, the State had the ability to refile the charges against the brother in the event he testified for the defendant. Moreover, defendant's evidence did not suggest that the brother had knowledge of defendant's involvement in the crime or that he would be a witness to any of the events pertinent to the defense.

The sole reason for permitting the State to argue the inference was that the absent witness was defendant's brother. This sibling relationship, standing alone, was insufficient to infer that the brother was more available to the defendant than the State. The trial court therefore abused its discretion in overruling defendant's objection to the State's argument.

■ The trial court's ruling will not be disturbed on appeal, however, unless the abuse of discretion results in prejudice to the defendant. *State v. Trimble,* 638 S.W.2d 726, 734 (Mo. banc 1982), *cert. denied,* 459 U.S. 1188, 103 S.Ct. 838, 74 L.Ed.2d 1031 (1983); *State v. Baker,* 741 S.W.2d 63, 66 (Mo.App.1987). In deciding if the error is prejudicial, the court must consider the entire record to determine whether the defendant received a fair trial. *Webster,* at 289. A conviction will be reversed for improper argument only if it is highly likely that the argument had a decisive effect on the jury's determination. *State v. Stuckey,* 680 S.W.2d 931, 937 (Mo. banc 1984).

■ Here, the State's only evidence of defendant's guilt consisted of defendant's confessions made six years after the crime and one year after defendant suffered a severe blow to the head. The defense claimed the confessions were unreliable because defendant was mentally incapable of making a voluntary confession. At trial defendant denied his involvement in the crime. The State waited to argue the inference until the rebuttal half of its closing argument, thereby leaving defense counsel with no opportunity to counter the argument. It is highly likely that the argument had a decisive effect on the jury's determination. Defendant's first point is granted.

■ Defendant also claims the trial court erred in overruling defendant's motion to suppress his statements as involuntarily made. On appeal, we defer to the trial court's superior position from which to determine credibility and resolve conflicts in the evidence. *State v. Lytle,* 715 S.W.2d

910, 915 (Mo. banc 1986). Here, defendant claims that, because he suffered from organic brain syndrome at the time he made his statements, his statements were involuntary. As previously mentioned, the trial court heard extensive testimony regarding the defendant's mental condition. The evidence was sufficient to find that the defendant's statements were not involuntarily made. Defendant's point is denied.

In view of our decision to remand for a new trial, we decline to address defendant's remaining point regarding the trial court's finding that defendant was competent to proceed to trial.

The judgment of conviction is reversed and the cause remanded for a new trial.

PUDLOWSKI, P.J., and KAROHL, J., concur.